UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLATER BRENNAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER,<br><br>Defendants. | Case No. 1:22-cv-07473-JGK |

**MEMORANDUM OF LAW IN SUPPORT OF THE LATCH INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | ................................................................................................ | 1 |
| II. | FACTUAL BACKGROUND | ................................................................................................ | 2 |
| III. | ARGUMENT | ................................................................................................ | 3 |
| | A. | The Latch Investor Group Should Be Appointed Lead Plaintiff............................. | 3 |
| | | 1. The Latch Investor Group Filed a Timely Motion ...................................... | 4 |
| | | 2. The Latch Investor Group Has the Largest Financial Interest.................... | 5 |
| | | 3. The Latch Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure................................................................ | 5 |
| | B. | The Court Should Approve Lead Plaintiff's Choice of Counsel............................. | 7 |
| IV. | CONCLUSION | ................................................................................................ | 7 |

TABLE OF AUTHORITIES

**CASES**

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*,
    269 F.R.D. 291 (S.D.N.Y. 2010)......................................................................................6, 7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ............................................................................................5, 7

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005)............................................................................................6

*Kuriakose v. Federal Home Loan Mortg. Co.*,
    No. 1:08-cv-7281, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .......................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ..............................................................................4, 5

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)......................................................................................*passim*

**RULES**

Fed. R. Civ. P. 23....................................................................................................*passim*

Stephen Lind, Adam Gotterer, and Joseph Jackino (the "Latch Investor Group") respectfully submits this memorandum of law in support of its motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing the Latch Investor Group as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving the Latch Investor Group's selection of Glancy Prongay & Murray LLP and Johnson Fistel, LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities that purchased or otherwise acquired Latch, Inc. ("Latch" or the "Company"), formerly known as TS Innovation Acquisitions Corp. ("TSIA"), securities between May 13, 2021 and August 25, 2022, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

The Latch Investor Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on its financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Latch Investor Group satisfies the relevant requirements of Rule 23 as its claims are typical of other class members' claims and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, the Latch Investor Group

1

respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, the Latch Investor Group's selection of Glancy Prongay & Murray LLP and Johnson Fistel, LLP as lead counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND[1]

Latch claims to be an enterprise technology company that offers a full-building operating system, LatchOS, to address the essential requirements of modern buildings.

The complaint filed in this action alleges that throughout the Class Period the Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including: (1) that Latch had unreported sales arrangements related to hardware devices; (2) that, as a result, the Company had improperly recognized revenue throughout fiscal 2021 and first quarter 2022; (3) that there were material weaknesses in Latch's internal control over financial reporting related to revenue recognition; (4) that, as a result of the foregoing, Latch would have to restate financial statements for fiscal 2021 and first quarter 2022; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On August 25, 2022, after the market closed, Latch revealed that it would restate its financial statements for 2021 and the first quarter of 2022 due to revenue recognition errors related to the sale of hardware devices. The Company elaborated, stating that "certain revenue recognition

---

[1] This section is adapted from the complaint in the above-captioned action. *See* Dkt. No. 1.

errors occurred as a result of unreported sales arrangements due to sales activity that was inconsistent with the Company's internal controls and procedures." On this news, Latch's stock fell $0.13, or 12.2%, to close at $0.95 per share on August 26, 2022, thereby injuring investors.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the class have suffered significant losses and damages.

### III. ARGUMENT

#### A. The Latch Investor Group Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, the Latch Investor Group satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. The Latch Investor Group has, to the best of its knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, the Latch Investor Group is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class. Accordingly, the Latch Investor Group respectfully submits that it should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. The Latch Investor Group Filed a Timely Motion

The Latch Investor Group has made a timely motion in response to a PSLRA notice. On August 31, 2022, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of the Latch Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, the Latch Investor Group had sixty days (*i.e.*, until October 31, 2022) to file a motion to be appointed as lead plaintiff. As purchasers of Latch securities during the Class Period, the Latch Investor Group members are members of the proposed class and have hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certifications, the Latch Investor Group members attests that they have reviewed the complaint and are willing to serve as a representatives of the

class. *See* Linkh Decl., Ex. B. Accordingly, the Latch Investor Group satisfies the first requirement to serve as lead plaintiff for the class.

### 2.     The Latch Investor Group Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, the Latch Investor Group believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, the Latch Investor Group suffered substantial financial losses of approximately $58,691.57. *See* Linkh Decl., Ex. C. To the best of its knowledge, the Latch Investor Group is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Latch Investor Group believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.     The Latch Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) The Latch Investor Group's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

The Latch Investor Group's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, the Latch Investor Group alleges that Defendants' material misstatements and omissions concerning Latch's business, operations, and financial prospects violated the federal securities laws. The Latch Investor Group, like all members of the class, purchased Latch securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, the Latch Investor Group's interests and claims are "typical" of the interests and claims of the class.

### b) The Latch Investor Group Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest

6

in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

The Latch Investor Group has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and its financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. The Latch Investor Group has also submitted a declaration herewith attesting to its adequacy. *See* Linkh Decl., Ex. D. The Latch Investor Group is also not aware of any conflict between its claims and those asserted on behalf of the class. As such, the Latch Investor Group is well-equipped to represent the class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, the Latch Investor Group has retained Glancy Prongay & Murray LLP and Johnson Fistel, LLP as lead counsel to pursue this litigation on its behalf and will retain the firms as the class's lead counsel in the event it is appointed lead plaintiff. Glancy Prongay & Murray LLP and Johnson Fistel, LLP possess extensive experience in securities class actions and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibits E and F. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

### IV. CONCLUSION

For the foregoing reasons, the Latch Investor Group respectfully requests that the Court grant its Motion and enter an Order (1) appointing the Latch Investor Group as Lead Plaintiff; (2) approving its selection of Glancy Prongay & Murray LLP and Johnson Fistel, LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: October 31, 2022 | **GLANCY PRONGAY & MURRAY LLP** |
|  | By:   /s/ Gregory B. Linkh   |
|  | Gregory B. Linkh (GL-0477) |
|  | 230 Park Ave., Suite 358 |
|  | New York, NY 10169 |
|  | Telephone: (212) 682-5340 |
|  | Facsimile: (212) 884-0988 |
|  | Email: glinkh@glancylaw.com |
|  |  |
|  | Robert V. Prongay |
|  | Charles H. Linehan |
|  | Pavithra Rajesh |
|  | 1925 Century Park East, Suite 2100 |
|  | Los Angeles, CA 90067 |
|  | Telephone: (310) 201-9150 |
|  | Facsimile: (310) 201-9160 |
|  |  |
|  | **JOHNSON FISTEL, LLP** |
|  | Michael I. Fistel, Jr. |
|  | 40 Powder Springs Street |
|  | Marietta, Georgia 30064 |
|  | Telephone: (470) 632-6000 |
|  | Facsimile: (770) 200-3101 |
|  | Email: michaelf@johnsonfistel.com |
|  |  |
|  | *Counsel for the Latch Investor Group and Proposed Lead Counsel for the Class* |
|  |  |
|  | **THE LAW OFFICES OF FRANK R. CRUZ** |
|  | Frank R. Cruz |
|  | 1999 Avenue of the Stars, Suite 1100 |
|  | Los Angeles, CA 90067 |
|  | Telephone: (310) 914-5007 |
|  |  |
|  | *Additional Counsel* |

## CERTIFICATION OF COMPLIANCE WITH RULE II.D.

Pursuant to the Individual Practices of Judge John G. Koeltl, Rule II.D, I hereby certify that this memorandum of law contains 2,213 words and complies with Judge Koeltl's formatting rules.

/s/ Gregory B. Linkh
Gregory B. Linkh

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 31, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 31, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh
