UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLATER BRENNAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER<br><br>Defendants. | Case No. 1:22-cv-07473-JGK<br><br>ORAL ARGUMENT REQUESTED |

**REQUEST FOR CONSIDERATION UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT FOR <u>VIOLATION OF THE FEDERAL SECURITIES LAWS</u>**

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants Latch, Inc. ("Latch"), Luke Schoenfelder, Garth Mitchell, and Barry Schaeffer (collectively with Latch, "Defendants") respectfully request that the Court consider the following documents, which are attached to the Declaration of Kristin N. Murphy.  Defendants submit these documents in support of their Motion to Dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Motion"):

| | |
|---|---|
| **Exhibit 1** | Latch's Form 10-K for the period ended December 31, 2021, filed with the Securities and Exchange Commission ("SEC") on March 1, 2022, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 2** | Latch's Form 8-K filed with the SEC on June 10, 2021, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 3** | Latch's Prospectus, filed on Form 424(b)(3) with the SEC on May 13, 2021, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 4** | Latch's Form 10-Q for the period ended March 31, 2022, filed with the SEC on May 5, 2022, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 5** | Latch's Form 12b-25 filed with the SEC on August 10, 2022, regarding Notification of Late Filing, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 6** | Latch's Form 8-K filed with the SEC on January 23, 2023, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 7** | Chart showing historical trading activity of Latch's stock during the period August 9, 2022 to January 26, 2023, downloaded from and publicly available at https://finance.yahoo.com. |
| **Exhibit 8** | Latch's Form 8-K filed with the SEC on August 25, 2022, which is publicly available at www.sec.gov/edgar. |

## ARGUMENT

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts. Ltd.*, 551 U.S. 308, 322 (2007); *see also Frascatore v. Blake*, 344 F. Supp. 3d 481, 489 (S.D.N.Y. 2018) ("[T]he Court may consider documents that are either incorporated by reference in the complaint or integral to the claims asserted therein.") (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016)).  Documents that are integral to a complaint may be considered regardless of whether they are physically attached to it.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991); *see also In re Nokia Oyj (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 370 (S.D.N.Y. 2006) (considering full "context" of challenged statements as being "clearly incorporated by reference" into complaint, even where plaintiff "relied on selective quotations").

In addition, "Federal Rule of Evidence 201 authorizes a court to 'judicially notice a fact that is not subject to reasonable dispute . . . at any stage in the proceeding,' including on a motion to dismiss." *Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499, 507 (S.D.N.Y. 2015) (citation omitted); *see also Rice as Tr. of Richard E. & Melinda Rice Revocable Fam. Tr. 5/9/90 v. Intercept Pharms., Inc.*, 2022 WL 837114, at *6 (S.D.N.Y. Mar. 21, 2022) ("Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed even though they would be doomed to failure. Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements.") (citation omitted); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d

Cir. 2008) (concluding "matters judicially noticed by the District Court are not considered matters outside the pleadings" and do not convert a motion to dismiss into one for summary judgment). A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

      The Second Circuit has held that judicial notice may be taken "of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (quoting Fed. R. Evid. 201(b)(2)). Moreover, "[w]hen a securities fraud complaint alleges that material misstatements or omissions were made in public documents required to be filed with the SEC, a court may take judicial notice of such documents, as well as '*related documents that bear on the adequacy of the disclosure.*'" *Sarafianos v. Shandong Tada Auto-Parking Co.*, 2014 WL 7238339, at *2 (S.D.N.Y. Dec. 19, 2014) (emphasis added) (quoting *Kramer*, 937 F.2d at 774); *see also In re Eaton Corp. Sec. Litig.*, 318 F. Supp. 3d 659, 663-64 (S.D.N.Y. 2018) ("The Court can take judicial notice of public disclosure documents that must be filed with the SEC and documents that both 'bear on the adequacy' of SEC disclosures and are 'public disclosure documents required by law.'") (citations omitted), *aff'd sub nom. S.C. Ret. Sys. Grp. Tr. v. Eaton Corp. PLC,* 791 F. App'x 230 (2d Cir. 2019); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("[W]here public records that are integral to a fraud complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records."). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

As explained below, each of the Exhibits is incorporated by reference in Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint" or "AC"), subject to judicial notice, or both. The Court should thus consider all of the Exhibits in adjudicating Defendants' Motion.

I.     **ARGUMENT**

    A.     **Exhibits 1 and 3-8 Are Extensively Referenced in the Amended Complaint and Are Therefore Incorporated by Reference**

**Exhibits 1, 4** (Forms 10-K and 10-Q) and **3** (Latch's Prospectus) are incorporated by reference in the Amended Complaint and should be considered by the Court in evaluating Defendants' Motion. Plaintiff asserts that Defendants made false or misleading statements, or omitted material facts, in each of these filings. *See* AC ¶¶ 73-74, 87-94. Because Plaintiff relies on these materials in support of its claim that "Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5," *id*. ¶ 131, these materials are "integral to [Plaintiff's] claims" and are incorporated by reference into the Amended Complaint. *In re Fed Ex Corp. Sec. Litig.*, 517 F. Supp. 3d 216, 221 (S.D.N.Y. 2021) ("The Court also considers facts drawn from the news releases" and "financial reports" that "contain the statements that Plaintiff alleges were false or misleading, and which are incorporated into the Complaint by reference."); *see also Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 235 (S.D.N.Y. 2018) (incorporating Forms 10-Q and considering them to assess the falsity of challenged disclosures); *Nokia*, 423 F. Supp. 2d at 370 (considering full "context" of challenged statements as being "clearly incorporated by reference" into complaint, even where plaintiff "relied on selective quotations").

**Exhibits 5** (Form 12b-25 filed on August 10, 2022), **7** (chart detailing historical trading activity of Latch's stock), and **8** (Form 8-K filed on August 25, 2022) are likewise incorporated into the Amended Complaint. Plaintiff asserts that **Exhibits 5 and 8** served as corrective

5

disclosures that revealed the "truth" of Defendants' purported fraud, and Plaintiff relies on these Exhibits to plead loss causation.  AC ¶¶ 95-97.  Similarly, Plaintiff expressly refers to movements in Latch's stock price following the announcement of the alleged corrective disclosures (**Exhibit 7**) in support of its loss causation allegations.  *See* AC ¶ 97.  Because Plaintiff expressly refers to and quotes extensively from these Exhibits to plead loss causation, which is an essential element of its securities fraud claims, they are incorporated by reference in the Amended Complaint.  *See, e.g.*, *In re PetroChina Co. Sec. Litig.*, 120 F. Supp. 3d 340, 354, 368 (S.D.N.Y. 2015) (company filing alleged to be a "corrective disclosure" was incorporated-by-reference into the complaint and properly considered in connection with motion to dismiss), *aff'd sub nom. Klein v. PetroChina Co.*, 644 F. App'x 13 (2d Cir. 2016); *id.* (incorporating a "printout of Yahoo! Finance's documentation" of historical trading of company's stock).

**Exhibit 6** (Latch's Form 8-K filed on January 23, 2023) is also incorporated into the Amended Complaint.  Plaintiff relies on this post-Class Period disclosure, which announced that the Audit Committee concluded its internal investigation, to argue that "the Company admitted that the errors in its financial statements were material to its 2019 – Q2 2022 financial statements," thereby supporting Plaintiff's falsity allegations.  AC ¶¶ 71, 102.  Because Plaintiff relies on this Exhibit to support its claims, it is incorporated by reference.  *See Denny v. Canaan Inc.*, 2023 WL 2647855, at *5 & n.4 (S.D.N.Y. Mar. 27, 2023) (post-class period earnings call transcript and press release incorporated by reference); *see also Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 782 (S.D.N.Y. 2020) (report published after class period incorporated by reference).

Because **Exhibits 1** and **3-8** are integral to, and form the basis for, Plaintiff's claims, they are incorporated by reference into the Amended Complaint.

### B.     All of the Exhibits Are Properly Subject to Judicial Notice

Even if the Exhibits were not incorporated by reference, judicial notice is proper under Federal Rule of Evidence 201(b)(2).

Latch's SEC filings (**Exhibits 1-6 and 8**) are judicially noticeable.  Courts regularly take judicial notice of SEC filings in connection with motions to dismiss in securities class actions.  *See Rice*, 2022 WL 837114, at *5 (courts may consider public disclosure documents filed with the SEC on a motion to dismiss); *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (stating that, on motion to dismiss, court may consider "public disclosure documents filed with the SEC").  Because these materials are required by law to be filed with the SEC, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar, "no serious question as to their authenticity can exist." *Kramer*, 937 F.2d at 774.

The Court may therefore properly consider **Exhibits 1-6** and **8** in deciding Defendants' Motion.  *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("[W]e may consider . . . legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("Pursuant to Rule 201, courts have considered . . . documents publicly filed with the SEC or FINRA, documents filed with a Secretary of State, documents filed with governmental entities and available on their official websites, and information publicly announced on certain non-governmental websites, such as a party's official website."); *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 763 (S.D.N.Y. 2019) (taking judicial notice of Form 8-Ks and 10-Qs because they are "required SEC filings").

7

Latch's historical stock-trading chart (**Exhibit 7**) is also judicially noticeable.  It (i) is publicly available at https://finance.yahoo.com (as is clear from Plaintiff's citation to and quotation of it), (ii) is not subject to reasonable dispute, and (iii) can be accurately determined from sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).  Courts routinely take judicial notice of such exhibits in considering a motion to dismiss.  *See, e.g.*, *In re Stemline Therapeutics, Inc. Sec. Litig.*, 313 F. Supp. 3d 543, 547 n.3 (S.D.N.Y. 2018) (taking "judicial notice of the Stock Price Chart") (citing *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 167 n.8 (2d Cir. 2000)).

## II.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits 1 through 8** in adjudicating the Motion because they are incorporated by reference in the Amended Complaint, subject to judicial notice, or both.

Dated:   November 21, 2023
         San Diego, California

LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
    Colleen C. Smith (*pro hac vice*)
    12670 High Bluff Drive
    San Diego, California 92130
    Tel: (858) 523-5400
    Fax: (858) 523-5450
    Email: colleen.smith@lw.com

    Michele D. Johnson (*pro hac vice forthcoming*)
    Kristin N. Murphy (*pro hac vice*)
    650 Town Center Drive, 20th Floor
    Costa Mesa, CA 92626
    Tel: (714) 540-1235
    Fax: (714) 755-8290
    Email: michele.johnson@lw.com
    Email: kristin.murphy@lw.com

*Attorneys for Defendants Latch, Inc. f/k/a TS Innovation Acquisitions Corp., Luke Schoenfelder, Garth Mitchell, and Barry Schaeffer*