**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SLATER BRENNAN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER, <br><br> Defendants. | Case No. 1:22-cv-07473-JGK <br><br> ORAL ARGUMENT REQUESTED |

**REQUEST FOR CONSIDERATION UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants Latch, Inc. ("Latch"), Luke Schoenfelder, Garth Mitchell, and Barry Schaeffer (collectively with Latch, "Defendants") respectfully request that the Court consider the following documents, which are attached to the Declaration of Kristin N. Murphy.  Defendants submit these documents in support of their Motion to Dismiss the Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Motion"):

| | |
|---|---|
| **Exhibit 1** | Latch's Form 10-K for the period ended December 31, 2021, filed with the Securities and Exchange Commission ("SEC") on  March 1, 2022, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 2** | Latch's Prospectus, filed on Form 424(b)(3) with the SEC on May 13, 2021, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 3** | Latch's Form 10-Q for the period ended March 31, 2022, filed with the SEC on May 5, 2022, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 4** | Latch's Form 12b-25 filed with the SEC on August 10, 2022, regarding Notification of Late Filing, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 5** | Latch's Form 8-K filed with the SEC on January 23, 2023, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 6** | Chart showing historical trading activity of Latch's stock during the period August 9, 2022 to August 2, 2023, downloaded from and publicly available at https://finance.yahoo.com. |
| **Exhibit 7** | Latch's Form 8-K filed with the SEC on August 12, 2022, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 8** | Latch's Form 8-K filed with the SEC on August 25, 2022, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 9** | Latch's Form 8-K filed with the SEC on April 11, 2023, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 10** | Latch's Form 8-K filed with the SEC on August 1, 2023, which is publicly available at www.sec.gov/edgar. |
| **Exhibit 11** | A Financial Statement Presentation published by PricewaterhouseCoopers LLP in November 2022, which is |

publicly     available     at     https://viewpoint.pwc.com/dt/us/en
/pwc/accounting_guides/financial_statement_/assets/
pwcfinlstmtpresentn1122.pdf.

## I.    ARGUMENT

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts. Ltd.*, 551 U.S. 308, 322 (2007); *see also Frascatore v. Blake*, 344 F. Supp. 3d 481, 489 (S.D.N.Y. 2018) ("[T]he Court may consider documents that are either incorporated by reference in the complaint or integral to the claims asserted therein.") (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016)).  Documents that are integral to a complaint may be considered regardless of whether they are physically attached to it.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991); *see also In re Nokia Oyj (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 370 (S.D.N.Y. 2006) (considering full "context" of challenged statements as being "clearly incorporated by reference" into complaint, even where plaintiff "relied on selective quotations").

In addition, "Federal Rule of Evidence 201 authorizes a court to 'judicially notice a fact that is not subject to reasonable dispute . . . at any stage in the proceeding,' including on a motion to dismiss." *Demopoulos v. Anchor Tank Lines, LLC*, 117 F. Supp. 3d 499, 507 (S.D.N.Y. 2015) (citation omitted); *see also Rice as Tr. of Richard E. & Melinda Rice Revocable Fam. Tr. 5/9/90 v. Intercept Pharms., Inc.*, 2022 WL 837114, at *6 (S.D.N.Y. Mar. 21, 2022) ("Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed even though they would be doomed to failure. Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance

settlements.") (citation omitted); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) (concluding "matters judicially noticed by the District Court are not considered matters outside the pleadings" and do not convert a motion to dismiss into one for summary judgment). A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Second Circuit has held that judicial notice may be taken "of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (quoting Fed. R. Evid. 201(b)(2)). Moreover, "[w]hen a securities fraud complaint alleges that material misstatements or omissions were made in public documents required to be filed with the SEC, a court may take judicial notice of such documents, as well as '*related documents that bear on the adequacy of the disclosure*.'" *Sarafianos v. Shandong Tada Auto-Parking Co.*, 2014 WL 7238339, at *2 (S.D.N.Y. Dec. 19, 2014) (emphasis added) (quoting *Kramer*, 937 F.2d at 774); *see also In re Eaton Corp. Sec. Litig.*, 318 F. Supp. 3d 659, 663-64 (S.D.N.Y. 2018) ("The Court can take judicial notice of public disclosure documents that must be filed with the SEC and documents that both 'bear on the adequacy' of SEC disclosures and are 'public disclosure documents required by law.'") (citations omitted), *aff'd sub nom. S.C. Ret. Sys. Grp. Tr. v. Eaton Corp. PLC,* 791 F. App'x 230 (2d Cir. 2019). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

As explained below, each of the Exhibits is incorporated by reference in Plaintiff's Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Second

4

Amended Complaint" or "SAC"), subject to judicial notice, or both. The Court should thus consider all of the Exhibits in adjudicating Defendants' Motion.

> **A.    The Exhibits Are Extensively Referenced in the Second Amended Complaint and Are Therefore Incorporated by Reference**

**Exhibits 1, 3** (Forms 10-K and 10-Q), **2** (Latch's Prospectus), and **11** (PwC Financial Statement Presentation) are incorporated by reference in the Second Amended Complaint and should be considered by the Court in evaluating Defendants' Motion. Plaintiff asserts that Defendants made false or misleading statements or omitted material facts in each of these filings, or relies on these filings to plead the falsity of Defendants' statements. *See* SAC ¶¶ 44-45, 47, 109-114, 130-138. Because Plaintiff relies on these materials in support of its claim that "Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5," *id*. ¶ 182, these materials are "integral to [Plaintiff's] claims" and are incorporated by reference into the Second Amended Complaint. *In re Fed Ex Corp. Sec. Litig.*, 517 F. Supp. 3d 216, 221 (S.D.N.Y. 2021) ("The Court also considers facts drawn from the news releases" and "financial reports" that "contain the statements that Plaintiff alleges were false or misleading, and which are incorporated into the Complaint by reference."); *see also Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 235 (S.D.N.Y. 2018) (incorporating Forms 10-Q and considering them to assess the falsity of challenged disclosures); *Nokia*, 423 F. Supp. 2d at 370 (considering full "context" of challenged statements as being "clearly incorporated by reference" into complaint, even where plaintiff "relied on selective quotations").

**Exhibits 4** (Form 12b-25 filed on August 10, 2022), **5, 7, 8, 9, and 10** (Forms 8-K filed on August 12 and 25, 2022, January 23, 2023, April 11, 2023, and August 1, 2023), and **6** (chart detailing historical trading activity of Latch's stock) are likewise incorporated into the Second Amended Complaint. Plaintiff asserts that **Exhibits 4, 5, 7, 8, 9, and 10** served as corrective

disclosures that revealed the "truth" of Defendants' purported fraud, and Plaintiff relies on these Exhibits to plead loss causation.  SAC ¶¶ 139-143, 148-150, 153-154, 157-158.  Similarly, Plaintiff expressly refers to movements in Latch's stock price following the announcement of the alleged corrective disclosures (**Exhibit 6**) in support of its loss causation allegations.  *See id.* ¶¶ 140, 142, 149, 154, 158.  Because Plaintiff expressly refers to and quotes extensively from these Exhibits to plead loss causation, which is an essential element of its securities fraud claims, they are incorporated by reference in the Second Amended Complaint.  *See, e.g.*, *In re PetroChina Co. Sec. Litig.*, 120 F. Supp. 3d 340, 354, 368 (S.D.N.Y. 2015) (company filing alleged to be a "corrective disclosure" was incorporated-by-reference into the complaint and properly considered in connection with motion to dismiss), *aff'd sub nom. Klein v. PetroChina Co.*, 644 F. App'x 13 (2d Cir. 2016); *id.* (incorporating a "printout of Yahoo! Finance's documentation" of historical trading of company's stock).

Because the **Exhibits** are integral to, and form the basis for, Plaintiff's claims, they are incorporated by reference into the Second Amended Complaint.

### B.    All of the Exhibits Are Properly Subject to Judicial Notice

Even if the Exhibits were not incorporated by reference, judicial notice is proper under Federal Rule of Evidence 201(b)(2).

Latch's SEC filings (**Exhibits 1-5, 7-10**) are judicially noticeable.  Courts regularly take judicial notice of SEC filings in connection with motions to dismiss in securities class actions.  *See Rice*, 2022 WL 837114, at *5 (courts may consider public disclosure documents filed with the SEC on a motion to dismiss); *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (stating that, on motion to dismiss, court may consider "public disclosure documents filed with the SEC").  Because these materials are required by law to be filed with the SEC, and each is

capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar, "no serious question as to their authenticity can exist." *Kramer*, 937 F.2d at 774; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("[W]e may consider . . . legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."); *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 763 (S.D.N.Y. 2019) (taking judicial notice of Form 8-Ks and 10-Qs because they are "required SEC filings"). The Court may therefore properly consider **Exhibits 1-5, 7-10** in deciding Defendants' Motion.

Latch's historical stock-trading chart (**Exhibit 7**) and PwC's Financial Statement Presentation (**Exhibit 11**) are also judicially noticeable. They (i) are publicly available at https://finance.yahoo.com and https://viewpoint.pwc.com/dt/us/en/pwc/accounting_guides/ financial_statement_/assets/pwcfinlstmtpresentn1122.pdf (as is clear from Plaintiff's citation to and quotation of them), (ii) are not subject to reasonable dispute, and (iii) can be accurately determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Courts take judicial notice of such exhibits in considering a motion to dismiss. *See, e.g.*, *In re Stemline Therapeutics, Inc. Sec. Litig.*, 313 F. Supp. 3d 543, 547 n.3 (S.D.N.Y. 2018) (taking "judicial notice of the Stock Price Chart") (citing *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 167 n.8 (2d Cir. 2000)).

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits 1 through 11** in adjudicating the Motion because they are incorporated by reference in the Second Amended Complaint, subject to judicial notice, or both.

Dated:    December 28, 2023
         San Diego, California

                                          LATHAM & WATKINS LLP

                                          By:/s/ Colleen C. Smith
                                              Colleen C. Smith (admitted *pro hac vice*)
                                              12670 High Bluff Drive
                                              San Diego, California 92130
                                              Tel: (858) 523-5400
                                              Fax: (858) 523-5450
                                              Email: colleen.smith@lw.com

                                              Michele D. Johnson (admitted *pro hac vice)*
                                              Kristin N. Murphy (admitted *pro hac vice*)
                                              650 Town Center Drive, 20th Floor
                                              Costa Mesa, California 92626
                                              Tel: (714) 540-1235
                                              Fax: (714) 755-8290
                                              Email: michele.johnson@lw.com
                                              Email: kristin.murphy@lw.com

                                              *Attorneys for Defendants Latch, Inc. f/k/a TS*
                                              *Innovation Acquisitions Corp., Luke*
                                              *Schoenfelder, Garth Mitchell, and Barry*
                                              *Schaeffer*