**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SLATER BRENNAN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER,<br><br>    Defendants. | Case No. 1:22-cv-07473-JGK<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Lead Plaintiff VP PTC Establishment as Trustee of Gersec Trust ("Plaintiff") respectfully submits this response to Defendants' notice of supplemental authority before the Court. (Dkt. No. 83). *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. __, No. 22-1165, 2024 WL 1588706 (Apr. 12, 2024) provides little support for Defendants' Motion to Dismiss.

*Moab Partners* holds that pure omissions are not actionable under Rule 10b5(b). The Court writes at *1:

> A pure omission occurs when a speaker says nothing, in circumstances that do not give any special significance to that silence. Half-truths, on the other hand, are "representations that state the truth only so far as it goes, while omitting critical qualifying information." *Universal Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 188, 136 S.Ct. 1989, 195 L.Ed.2d 348. Rule 10b–5(b) requires disclosure of information necessary to ensure that statements already made are clear and complete. Logically and by its plain text, Rule 10b–5(b) therefore covers half-truths, not pure omissions, because it requires identifying affirmative assertions (i.e., "statements made") before determining if other facts are needed to make those statements "not misleading."

1

Thus, the Supreme Court wrote, "[t]he failure to disclose information required by Item 303 can support a Rule 10b–5(b) claim only *if the omission renders affirmative statements made misleading.*" *Id* at \*2 (emphasis added). That is, *Moab Partners* stands squarely for the proposition that omitting a known, material, event or trend is actionable so long as it renders Defendants' affirmatives statements misleading.

This is precisely how the Complaint alleges Defendants violated Item 303. Defendants admit material falsity with respect to revenue recognition in Latch's financial statements for 2019 through the first quarter of 2022, disclosing that necessity of a restatement. ¶¶141, 148.[1] The Complaint pleads that the Defendants engaged in channel stuffing, ¶¶49-50, knowing that it would impact future sales and result in the false reporting of Hardware Bookings, which represent future sales. ¶77. By engaging in practices that they knew would negatively impact future sales, Defendants affirmatively reported Hardware Bookings numbers that misled investors without informing investors of the trend of which they were aware. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Second Amended Class Action Complaint at 14 (Dkt. No. 77). As a result, the Court's holding in *Macquarie* supports Plaintiff's claims with respect to the actionability of Defendants' omissions of Item 303 disclosures.

---

[1] Citations to the Second Amended Class Action Complaint ("Complaint") (Dkt. No. 69) are "¶__."

Dated: April 30, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Jacob A. Goldberg*
Jacob A. Goldberg
Leah Heifetz-Li
101 Greenwood Avenue
Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
         lheifetz@rosenlegal.com

***Lead Counsel for Lead Plaintiff and the Class***

3