# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SLATER BRENNAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-07473-JGK |
| Plaintiff, | |
| v. | |
| LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER, | |
| Defendants. | |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement and all exhibits thereto ("Stipulation") by and among (i) Plaintiff (defined below), on behalf of itself and on behalf of the Settlement Class (defined below), and (ii) Defendants (defined below), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (defined below) and is intended by the Settling Parties to fully, finally, and forever release, resolve, remise, and discharge the Released Claims (defined below) against the Released Parties (defined below), subject to the approval of the United States District Court for the Southern District of New York ("Court").

Throughout this Stipulation, all terms used with initial capitalization but not immediately defined shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

### A.    The Action

On August 31, 2022, plaintiff Slater Brennan filed a complaint captioned *Brennan v. Latch Inc. f/k/a TS Innovation Acquisitions Corp.*, No. 1:22-cv-07473 (JGK) (ECF No. 1), a putative class action arising under the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, against Defendants. (ECF No. 1.)

On January 17, 2023, the Court appointed VB PTC Establishment as Trustee of Gersec Trust as lead plaintiff, approving its selection of The Rosen Law Firm, P.A., as lead counsel. (ECF No. 44.)

On October 24, 2023, Plaintiff filed an Amended Complaint. (ECF No. 55.)

On November 14, 2023, the Court ordered that Defendants would answer, move to dismiss, or otherwise respond to the Amended Complaint by November 21, 2023. If Defendants moved to dismiss, Plaintiff would either file an opposition to Defendants' motion or file another amended complaint in response by December 5, 2023. (ECF No. 61.)

On November 21, 2023, Defendants moved to dismiss the Amended Complaint. (ECF Nos. 62-66.)

On December 5, 2023, Plaintiff filed the Second Amended Consolidated Complaint ("Complaint"). (ECF No. 69.)

On December 28, 2023, Defendants moved to dismiss the Complaint. (ECF Nos. 72-76.) On January 18, 2024, Plaintiff opposed Defendants' motion to dismiss the Complaint. (ECF Nos. 77-78.) On February 1, 2024, Defendants filed their reply in further support of their motion to dismiss the Complaint. (ECF Nos. 81-82.)

Over the course of the litigation, the parties engaged in discussions concerning possible settlement of the Action.

On August 9, 2024, the Court directed the parties to appear for oral argument on Defendants' motion to dismiss on September 13, 2024. (ECF No. 85.)

After the Court scheduled oral argument on Defendants' motion, the Settling Parties re-engaged in settlement discussions. On September 11, 2024, the Settling Parties reached a settlement in principle, agreeing to a full release of all claims against all Defendants from all Settlement Class Members that do not exclude themselves in exchange for $1,950,000 in cash. Pursuant to the Settling Parties' September 16, 2024 request, on September 19, 2024, the Court ordered a stay of all proceedings, pending its consideration of Plaintiff's anticipated motion for preliminary approval of the Settlement. (ECF No. 90.)

On September 24, 2024, the Settling Parties executed a term sheet, broadly setting forth the terms of the Settlement.

This Stipulation memorializes the agreement between the Settling Parties to fully, finally, and forever settle the Action and release all Released Claims with prejudice in return for specified consideration.

**B.    The Defendants' Denial of Wrongdoing and Liability**

Throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each allegation of wrongdoing, fault, liability, or damage against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, by Plaintiff and the Settlement Class. Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations and laws. Defendants maintain that they have meritorious defenses to

-3-

all claims alleged in the Action, and continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. By entering this Stipulation, Defendants neither concede nor admit any wrongdoing or liability whatsoever and have disclaimed and continue to disclaim any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to eliminate the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by either Defendants or any of the Released Parties with respect to any of Plaintiff's allegations or claims, or of any wrongdoing, fault, liability, or damages whatsoever.

### C.    Plaintiff's Claims and Benefits of Settlement

Plaintiff asserts that the claims asserted in the Action have merit. Plaintiff, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiff has also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiff has considered the inherent problems of proof and possible defenses to the federal securities law violations they allege in the Action, including the defenses that Defendants have asserted or could have asserted during the motion to dismiss, motion for class certification, motion for summary judgment, trial, and appeal. Plaintiff has therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiff, on behalf of itself and each Settlement Class Member, and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court, in consideration of

the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed fully, finally and with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

**1.    Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.**    "Action" means the putative class action, captioned *Brennan v. Latch, Inc. et. al.*, Case No. 1:22-cv-07473-JGK (S.D.N.Y.).

**1.2.**    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the Summary Notice, the costs of printing and mailing, and/or emailing of Notice, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in ¶7.2 of this Stipulation) to the Authorized Claimants. Such costs do not include legal fees.

**1.3.**    "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.4.**    "Award to Plaintiff" means the requested reimbursement to Plaintiff for its reasonable costs and expenses (including lost wages) directly related to Plaintiff's representation of the Settlement Class in the Action.

1.5.     "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

1.6.     "Business Combination" means TSIA's business combination with Latch, completed on June 4, 2021.

1.7.     "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as this Stipulation and the Court shall prescribe.

1.8.     "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissory damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown (including, without limitation, Unknown Claims (defined below)), arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.9.     "Claims Administrator" means Strategic Claims Services ("SCS"), which shall transmit notice to potential Settlement Class Members and administer the Settlement.

1.10.     "Defendants" means Latch, Inc. ("Latch"), Luke Schoenfelder, Garth Mitchell, and Barry Schaeffer.

1.11.     "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court. All funds held by the Escrow Agent shall be

deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

1.12.  "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.13.  "Effective Date" shall have the meaning set forth in ¶10.3 of this Stipulation.

1.14.  "Final," when used in conjunction with and with respect to the "Final Judgment" means after the exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date all appeals or requests for review are dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise.

1.15.  "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, substantially in the form attached hereto as Exhibit B, or otherwise ordered by the Court.

1.16.  "Insurer(s)" means the insurers under director and officer, company securities, or similar liability policies that cover or covered Defendants or Defendants' Related Parties.

1.17.  "Lead Counsel" means The Rosen Law Firm, P.A.

1.18.  "Notice" means collectively, the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses  ("Long Notice"), the Summary Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses ("Summary Notice"), and the Postcard Notice ("Postcard Notice"), that are to be made

available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 (or other substantially similar forms mutually agreed to by the Settling Parties or otherwise ordered by the Court) on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.19.    "Opt-Out" shall have the meaning set forth in ¶10.5 of this Stipulation.

1.20.    "Person" means a natural person, an individual, corporation, firm, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and/or any business or legal entity or organization.

1.21.    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses (as defined in ¶4.1 of this Stipulation), and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Defendants and Defendants' Related Parties shall have no responsibility or liability with respect thereto.

1.22.    "Plaintiff" means Lead Plaintiff VP PTC Establishment as Trustee of Gersec Trust, as identified in the opening paragraph of the Complaint.

1.23.    "Preliminary Approval Order" means the proposed order, substantially in the form attached hereto as Exhibit A, or otherwise ordered by the Court, certifying the Settlement Class and approving the Settlement preliminarily and directing notice thereof to the Settlement Class.

**1.24.**    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2, or otherwise ordered by the Court.

**1.25.**    "Prospectus" means TSIA's prospectus / proxy statement filed on Form 424b3 with the SEC on May 13, 2021, detailing its Business Combination with Latch.

**1.26.**    "Related Parties" means, with respect to a Released Party, such Released Party's present and former employees, officers, directors, successors, predecessors, assigns, heirs, executors, trustees, administrators, immediate family members, spouses, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, underwriters, investment advisors, consultants, principals, controlling shareholders, partners, members, managers, agents, joint ventures, direct and/or indirect parents, subsidiaries, divisions, affiliates, and/or administrators, as well as any trust of which such Released Party is the settlor or that is for the benefit of such Released Party and/or any member of such Released Party's immediate family, and/or any Person that is or was related to or affiliated with such Released Party or in which such Released Party has a controlling interest.

**1.27.**    "Released Claims" means any or all of the Released Defendants' Claims and the Released Plaintiff's Claims.

**1.28.**    "Released Defendants' Claims" means any and all Claims and causes of action of every nature and description, whether known or unknown (including, for the avoidance of doubt, Unknown Claims), asserted or unasserted, whether arising under federal, state, common or foreign law arising from the institution, prosecution, or settlement of the Action, except any Claims (i) to enforce this Stipulation or the Settlement, (ii) against any Opt-Out, or (iii) Defendants may have

against any insurer with respect to obligations to fund the Settlement Amount or any portion thereof.

    **1.29.** "Released Plaintiff's Claims" means any and all Claims and causes of action of every nature and description, whether known or unknown (including, for the avoidance of doubt, Unknown Claims), asserted or unasserted, whether arising under federal, state, common or foreign law, whether class, individual, or derivative in nature, that Plaintiff or any Settlement Class Member has asserted in the Action, or could have asserted in either the Action or in any future action in any United States forum, whether directly, derivatively, or on behalf of a class, that concern, arise out of, refer to, are based upon, or are related in any manner to the allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the Action. For the avoidance of doubt, Released Plaintiffs' Claims shall not include (i) any Claims to enforce this Stipulation or the Settlement, (ii) the claims asserted in *Schwartz v. Latch, Inc, et al*., Case No. 1:23-cv-00027 (D. Del.), (iii) the claims asserted in *Kilari v. TS Innovation Acquisitions Sponsor, LLC, et al*., C.A. No. 2023-0509 (Del. Ch.); *Subramanian v. TS Innovation Acquisitions Sponsor, LLC, et al*., C.A. No. 2023-0514 (Del. Ch.); and *Garfield v. Speyer, et al*., C.A. No. 2023-0504 (Del. Ch.), or (iv) the claims asserted in *Manley v. Latch, Inc., et al*., Case No. 1:23-cv-01273 (S.D.N.Y.); and *Gottlieb v. Latch, Inc., et al*., Case No. 1:23-cv-07473 (S.D.N.Y.).

    **1.30.** "Released Party" means any one of, and "Released Parties" means all of, the Defendants and each of their Related Parties.

    **1.31.** "Releasing Party" means any one of, and "Releasing Parties" means all of, the Persons providing a release under this Stipulation.

    **1.32.** "Settlement" means the settlement contemplated by this Stipulation.

**1.33.**   "Settlement Amount" means the sum of $1,950,000 (one million, nine hundred fifty thousand U.S. dollars).

**1.34.**   "Settlement Class" means all Persons that purchased or otherwise acquired Latch common stock between June 7, 2021, and August 1, 2023, inclusive ("Class Period").  Excluded from the Settlement Class are (i) Defendants; (ii) the officers and directors of Latch and its affiliates and subsidiaries; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is each Opt-Out.

**1.35.**   "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

**1.36.**   "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

**1.37.**   "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

**1.38.**   "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely (i) Defendants and (ii) Plaintiff (on behalf of itself and the Settlement Class and each of the Settlement Class Members).

**1.39.**   "TSIA" means TS Innovation Acquisition Corp.

**1.40.**   "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in their favor at the time of the release of the Released Parties. This includes claims which, if known by him, her or it, might have affected their

settlement with and release of the Released Parties, or might have affected their decision(s) with respect to the Settlement and the Released Claims, including their decision to object or not to object to this Settlement. The Settling Parties and the Releasing Parties, by operation of the Final Judgment shall be deemed to, and expressly acknowledge that he, she, it or they shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Plaintiff, Releasing Parties, and/or Released Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff and Defendants expressly, fully, finally, and forever settle and release, and each other Releasing Party and Released Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Final Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties expressly acknowledge, and each other Releasing Party and Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

2.    **The Settlement Consideration**

2.1.    In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, Defendants will pay or cause their Insurer(s) to pay the Settlement Amount into the Escrow Account (subject to ¶10.8) within fifteen (15) business days following the later of (i) entry of the Preliminary Approval Order by the Court and (ii) receipt by Latch and its Insurer(s) from Plaintiff of an executed Form W-9 and all wire transfer instructions necessary to effectuate a transfer of funds.

2.2.    Under no circumstances will Defendants or their Insurer(s) be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel, as Administrative Costs, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

3.    **Handling and Disbursement of Funds by the Escrow Agent**

3.1.    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

    **(a)**    As provided in ¶3.4 of this Stipulation;

    **(b)**    As provided in ¶8.2 of this Stipulation;

    **(c)**    As provided in ¶10.8 of this Stipulation, if applicable; and

    **(d)**    To pay Taxes and Tax Expenses (as defined in ¶4.1 of this Stipulation) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of

the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

3.2.    The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States government or fully insured by the United States government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Settling Parties and the Insurer(s). Defendants, their counsel, their Insurer(s) and Defendants' Related Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶3.2.

3.3.    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

3.4.    At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $220,000.00 (Two Hundred Twenty Thousand U.S. Dollars) from the Settlement Fund to pay Administrative Costs.

4.    **Taxes**

4.1.    The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1. In addition, Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶4.1, including the "relation-back election" (as defined in Treasury

-14-

Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

        **(a)**      For purposes of §1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶4.1) shall be consistent with this ¶4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

        **(b)**      All Taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants, their counsel, their Insurer(s), or Defendants' Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this

¶4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel, their Insurer(s), and Defendants' Related Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation §1.468B-2(1)(2)). Defendants, their counsel, their Insurer(s) and Defendants' Related Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶4.1. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶4.1.

**5.    Preliminary Approval Order, Notice Order, and Settlement Hearing**

**5.1.**    Promptly, but no later than fourteen (14) days after execution of this Stipulation, Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement, entry of the Preliminary Approval Order, and approval for the dissemination of Notice. The Preliminary Approval Order to be submitted to the Court shall append the exhibits substantially in the form set forth in: (i) the Long Notice (Exhibit A-1); (ii) the Proof of Claim (Exhibit A-2); (iii) the Summary Notice (Exhibit A-3) and (iv) the Postcard Notice (Exhibit A-4). The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement, Lead Counsel's Fee and Expense Application (as defined in ¶8.1 of this

Stipulation), the Award to Plaintiff or the Plan of Allocation; or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Long Notice, Summary Notice, and Postcard Notice before they are disseminated or otherwise provided to Settlement Class Members. Dissemination of Notice shall be solely the responsibility of Lead Counsel. Defendants shall not object to, or have any responsibility for, the dissemination of Notice or Lead Counsel's proposed Plan of Allocation.

**5.2.**    At the time of the submission described in ¶5.1 of this Stipulation, Lead Counsel shall request that, after the Notice is provided and the Settlement Class Members are notified of the Settlement, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter the Final Judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**6.    Releases and Covenants Not to Sue**

**6.1.**    Upon the Effective Date, Plaintiff and the Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them (regardless of whether any such Releasing Party ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any disbursement from the Settlement Fund), shall be deemed to have, and by operation of the Final Judgment shall have (i) fully, finally, and forever released, relinquished, and discharged all Released Plaintiff's Claims against Defendants and Defendants' Related Parties, (ii) covenanted not to sue any Defendants or Defendants' Related Parties with respect to all such Released Plaintiff's Claims, and (iii) been permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution

of any action or other proceeding, in any forum, asserting any of the Released Plaintiff's Claims against any Defendants or Defendants' Related Parties.

6.2.    Upon the Effective Date, Defendants, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them shall be deemed to have, and by operation of the Final Judgment shall have (i) fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiff, the Settlement Class Members, and Plaintiff's and Settlement Class Members' Related Parties, (ii) covenanted not to sue Plaintiff, the Settlement Class Members, and Plaintiff's and Settlement Class Members' Related Parties with respect to all such Released Defendants' Claims, and (iii) been permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any of the Released Defendants' Claims against any Plaintiff, Settlement Class Members, or Plaintiff's and Settlement Class Members' Related Parties.

6.3.    Nothing contained herein shall bar the Settling Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

7.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

7.1.    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined in ¶7.2 of this Stipulation) to Authorized Claimants.

7.2.    The Settlement Fund shall be applied as follows:

  **(a)** To pay the Taxes and Tax Expenses described in ¶4.1 of this Stipulation;

  **(b)** To pay Administrative Costs;

  **(c)** To pay Lead Counsel attorneys' fees with interest and expenses and the Award to Plaintiff ("Fee and Expense Award"), to the extent allowed by the Court; and

  **(d)** To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶7.2(a), (b), and (c) of this Stipulation ("Net Settlement Fund"), plus accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

 **7.3.** Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

 **7.4.** This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants. Defendants, their counsel, their Insurer(s), and Defendants' Related Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or

technical defects in any Proof of Claim filed where doing so is in the interest of achieving substantial justice.

7.5.     The Settling Parties understand and agree that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.     To assist Lead Counsel with respect to the dissemination of the Notice, and following execution of the Stipulation, Latch will make reasonable, good faith efforts to provide and/or facilitate the provision by its transfer agent to Lead Counsel names, addresses, and email addresses, to the extent Latch possesses such information, of potential Settlement Class Members and nominees or custodians, that exist in Latch's transfer records. The Settling Parties acknowledge that any information provided to Lead Counsel by Latch or any transfer agent pursuant to this Paragraph shall be treated as confidential and will be used by Lead Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

7.7.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly

omitted from the initial distribution to Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such second distribution, if undertaken, or if such second distribution is not undertaken, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Lead Counsel, with Court approval.

### 8.    Lead Counsel's Attorneys' Fees and Reimbursement of Expenses

8.1.    Lead Counsel may submit an application ("Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Award to Plaintiff. Defendants shall take no position with respect to the Fee and Expense Application(s).

8.2.    Except as otherwise provided in this Paragraph, the Fee and Expense Award awarded by the Court shall be paid to Lead Counsel from the Settlement Fund within five (5) Business Days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated

for any other reason, then Lead Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the Fee and Expense Award, including accrued interest at the same rate as is earned by the Settlement Fund. Lead Counsel agree that they and their law firms and their or their law firms' partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph and shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Lead Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders, and may make appropriate findings of, or impose sanctions for, contempt against Lead Counsel or their law firms should they fail timely to repay fees and expenses pursuant to this Paragraph. Any Award to Plaintiff shall not be paid from the Settlement Fund until after the Effective Date.

     **8.3.**    The procedure for and allowance or disallowance by the Court of the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and the Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained herein or therein or any other orders entered pursuant to this Stipulation.

8.4.    Any award of attorneys' fees and interest and/or expenses to Lead Counsel or Award to Plaintiff shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. Defendants and Defendants' Related Parties (including, for the avoidance of doubt, Defendants' Insurer(s) and counsel) shall have no responsibility for payment of Lead Counsel's attorneys' fees and interest, expenses or awards to Plaintiff beyond the obligation of Defendants to cause the funding of the Settlement Amount as set forth in ¶2.1 of this Stipulation. Other than as specifically set forth in ¶2.1 of this Stipulation, Defendants and Defendants' Related Parties (including, for the avoidance of doubt, Defendants' Insurer(s) and counsel) shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Plaintiff, the Settlement Class, and/or any other Person who receives payment from the Settlement Fund.

9.      **Class Certification**

In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Plaintiff as the class representative, and (ii) the appointment of Lead Counsel as class counsel.

10.     **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

10.1.   Plaintiff, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of their or its election to do so ("Termination Notice") to all other Parties within seven (7) Business Days of:

(i)    entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)    entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)    entry of a Court order declining to enter the Final Judgment in any material respect;

(iv)    entry of a Court order refusing to dismiss the Action with prejudice; and/or

(v)    entry of a Court order by which the Final Judgment is modified or reversed in any material respect.

In the absence of any of the events enumerated in the preceding sentence, ¶10.2 of this Stipulation, or ¶10.5 of this Stipulation, no Settling Party shall have the right to terminate the Settlement or the Stipulation for any reason.

**10.2.**  If the Settlement Amount is not paid into the Escrow Account in accordance with ¶2.1 of this Stipulation, then Plaintiff, on behalf of the Settlement Class, and not Defendants (other than in accordance with ¶10.1 of this Stipulation or ¶10.5 of this Stipulation), shall have the right to (a) terminate the Settlement but only if (i) Lead Counsel has notified Defendants' counsel in writing of Plaintiff's intention to terminate the Settlement and (ii) the entire Settlement Amount is not transferred to the Escrow Account within ten (10) business days after Lead Counsel has provided such notice; or (b) enforce the terms of the Settlement and Stipulation and seek a judgment effecting the terms herein.

**10.3.**  The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

    **(a)**    Defendants have not exercised their option to terminate the Settlement pursuant to ¶10.5 of this Stipulation;

    **(b)**    The Court has entered the Preliminary Approval Order;

    **(c)**    The Settlement Amount has been paid into the Escrow Account;

    **(d)**    The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

    **(e)**    The Final Judgment has become Final as defined in ¶1.13 of this Stipulation; and

    **(f)**    The Action has been dismissed with prejudice.

**10.4.**    Upon the occurrence of the Effective Date, any and all interest or right of Defendants or their Insurer(s) in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.5.**    If, prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto (each such Person, an "Opt-Out"), and such Persons in the aggregate meet the conditions set forth in a separate Supplemental Agreement between the Settling Parties ("Supplemental Agreement"), then Defendants shall have, each in his, her or its sole and absolute discretion, the option to terminate this Stipulation and the Settlement in accordance with the requirements and procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other matter (other than the statements herein and in the Notice, to the extent necessary, or as otherwise

provided in the Supplemental Agreement) unless and until the Court otherwise orders, and then *in camera.*

10.6.    In the event that the Stipulation shall be terminated, or be canceled, or shall not become effective for any other reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to September 11, 2024, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and, in that event, all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.  For the avoidance of doubt, the Settling Parties agree that Defendants may refile their motion to dismiss the Complaint (ECF No. 72).

10.7.    In the event that the Stipulation shall be terminated, or be canceled, or the Settlement is not approved by the Court or is otherwise terminated or fails to become effective for any other reason, the terms and provisions of the Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

10.8.    In the event that the Stipulation shall be terminated, or be canceled, or the Settlement is not approved by the Court or is otherwise terminated or fails to become effective for any other reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less Taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to Defendants, or, at Defendants' direction, to their Insurer(s), with accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Defendants. At the request of Defendants, the Escrow Agent

or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants pursuant to written direction from Defendants.

10.9.    No order of the Court (or modification or reversal on appeal of any order of the Court) concerning the Plan of Allocation, the Award to Plaintiff, or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

**11.    No Admission of Liability or Wrongdoing**

11.1.    The Settling Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication nor negotiations relating thereto, nor the Supplemental Agreement, is evidence, an admission, presumption, or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding, including, without limitation, the Released Claims.

11.2.    This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or

construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Plaintiff or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation, the Supplemental Agreement, and/or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement, Supplemental Agreement, or Final Judgment, or as otherwise required by law.

**12.    Miscellaneous Provisions**

**12.1.**    Except in the event of the provision of a Termination Notice pursuant to and in accordance with ¶¶10.1, 10.2, 10.3, 10.5 or 10.6 of this Stipulation or termination in accordance with the Settling Parties' Supplemental Agreement, the Settling Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**12.2.**    The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

**12.3.**    Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that

he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

      **12.4.**   Plaintiff and Lead Counsel represent and warrant that Plaintiff is a Settlement Class Member and that none of Plaintiff's claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered or in any manner transferred in whole or in part.

      **12.5.**   This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Plaintiff, on behalf of itself and the Settlement Class, acknowledges and agrees that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Settling Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, and subject to any rights to indemnification or advancement of costs and legal fees among Defendants, each Settling Party shall bear its own costs.

      **12.6.**   This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

      **12.7.**   This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

**12.8.**    The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**12.9.**    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.10.**    This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.11.**    This Stipulation, the Settlement, the Supplemental Agreement, and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles.

**12.12.**    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.13.**    The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

**12.14.**    Plaintiff, Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or

entity in the pursuit of legal action related to the subject matter of the Action against Defendants or Defendants' Related Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm Defendants and Defendants' Related Parties with respect only to any matter relating to the subject matter of this Action, and (c) they will not discuss publicly any matter related to this Action or the Settlement with anyone, except as specifically permitted under this Stipulation.

**12.15.** All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**12.16.** The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Act of 1933 and Rule 11 of the Federal Rules of Civil Procedure.

**12.17.** Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

**12.18.** The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

-31-

**12.19.** The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF,** the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated:  November 12, 2024

/s/ Jacob A. Goldberg

---

Jacob A. Goldberg
Leah Heifetz-Li

THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (215) 686-2817
Fax: (212) 202-3827

*Lead Counsel for Plaintiff
and the Settlement Class*

/s/ Kristin N. Murphy

---

LATHAM & WATKINS LLP

Colleen C. Smith (admitted *pro hac vice*)
12670 High Bluff Drive
San Diego, California 92130
Tel: (858) 523-5400
Fax: (858) 523-5450

Michele D. Johnson (admitted *pro hac vice*)
Kristin N. Murphy (admitted *pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Tel: (714) 540-1235

Fax: (714) 755-8290

*Attorneys for Defendants Latch, Inc. f/k/a TS
Innovation Acquisitions Corp., Luke
Schoenfelder, Garth Mitchell, and Barry
Schaeffer*