## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLATER BRENNAN, Individually and On Behalf of All Others Similarly Situated, | No. 1:22-cv-07473-JGK |
| Plaintiff, | |
| v. | |
| LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER, | |
| Defendants. | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT

WHEREAS Plaintiff VB PTC Establishment as Trustee of Gersec Trust, on behalf of itself and the Settlement Class (as defined below), and Defendants Latch, Inc., Luke Schoenfelder, Garth Mitchell, and Barry Schaeffer have entered into a Stipulation, which, if approved by the Court, would settle all Claims[1] that have been, could have been, or could be asserted in this Action; and

WHEREAS Plaintiff filed a motion pursuant to Fed. R. Civ. P. 23(e)(1) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") asking the Court to approve the proposed Settlement preliminarily, direct that notice of the proposed Settlement be provided to potential Settlement Class Members, and schedule a hearing to consider final approval of the proposed Settlement; and

WHEREAS Plaintiff attached to the motion the Stipulation, including its annexed exhibits; and

---

[1]    Capitalized terms used herein have the same meanings as defined in the Stipulation and Agreement of Settlement dated as of November 12, 2024.

WHEREAS the Court has read and considered the Stipulation and the Settling Parties' submissions, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order; and

WHEREAS the proposed Settlement is subject to the Court's final approval at the Settlement Hearing to be held as discussed below;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.    **Preliminary Findings on Proposed Settlement.** The Court hereby finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the proposed Settlement evidenced by the Stipulation as fair, reasonable, and adequate to the Settlement Class under Rule 23(e)(2), and thus the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of it to the Settlement Class and scheduling a Settlement Hearing for further review of the proposed Settlement. In making these findings, the Court considered a number of factors, including the nature of the Settling Parties' respective claims and defenses, the potential damages available if Plaintiff were to prevail on its claims, the amount of consideration to be paid in settlement, the information available to the Settling Parties, and the proposed allocation of the settlement relief. Based on those considerations, the Court preliminarily concludes that (*i*) the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel and appears likely to be approved, and (*ii*) the terms and conditions of the Stipulation do not have any obvious deficiencies and do not improperly grant preferential treatment to any individual Settlement Class Members.

2.    **Proposed Certification of Settlement Class Solely for Settlement Purposes.**
Solely for purposes of the proposed Settlement, the Settling Parties have stipulated to the certification of the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3): all Persons that purchased or otherwise acquired Latch common stock between June 7, 2021, and August 1, 2023, inclusive. Excluded from the Settlement Class are:

a.    such persons or entities who submit valid and timely requests for exclusion from the Settlement Class;

b.    Defendants;

c.    the officers and directors of Latch and its affiliates and subsidiaries;

d.    members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; and

e.    any entity in which Defendants have or had a controlling interest.

3.    **Class Findings**. The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class solely for purposes of the proposed Settlement. Specifically, the Court finds that, preliminarily and for purposes of this Settlement only, the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class it seeks to represent; (d) Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the

3

Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.    **Preliminary Certification of Settlement Class for Settlement Purposes.** Based on the above findings, the Court preliminarily certifies the Settlement Class solely for purposes of the proposed Settlement pursuant to Fed. R. Civ. P. 23(b)(3). This preliminary certification is made for the sole purpose of the potential consummation of the proposed settlement of the Action in accordance with the Stipulation. If the Court does not grant final approval of the proposed Settlement, or if the Court's approval of the Settlement does not become Final for any reason whatsoever or is modified in any material respect that is unacceptable to a Settling Party, this preliminary class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiff or anyone else to seek class certification in this or any other matter arising out of the facts and circumstances that give rise to the Action.

5.    **Preliminary Certification of Plaintiff as Settlement Class Representative and Appointment of Lead Counsel for Settlement Purposes.** Pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, the Court also certifies Plaintiff as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Counsel, previously selected by Plaintiff and appointed by the Court, as Lead Counsel for the Settlement Class.

6.    Lead Counsel has the authority to enter into the proposed Settlement on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members as to all acts or consents that are required by or may be given pursuant to the Stipulation or such other acts as are reasonably necessary to consummate the Settlement.

7.    **Settlement Hearing**. Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a Settlement Hearing on May 28, 2025, at 4:30 p.m. ET before the Honorable John G. Koeltl, United States District Judge for the Southern District of New York, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 14A, New York, NY 10007. The Court may approve the proposed Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties and without further notice to the Settlement Class.

8.    At the Settlement Hearing, the Court will consider, among other things:

a.    whether the Court should grant final certification of the Action as a class action for settlement purposes and grant final appointment of Plaintiff as class representative and Lead Counsel as counsel for the Settlement Class;

b.    whether the Court should approve the proposed Settlement as fair, reasonable, and adequate;

c.    whether the Court should approve the proposed Plan of Allocation as fair and reasonable;

d.    whether a Final Judgment, substantially in the forms attached to the Stipulation as Exhibit B, should be entered dismissing the Action on the merits and with prejudice, and whether the Releases in the Stipulation should be granted;

e.    whether the Court should enter a permanent injunction and bar orders as requested in the Stipulation in the forms set out in the Final Judgment, which is attached as Exhibit B to the Stipulation;

f.    whether the Court should approve Lead Counsel's application for an attorneys' Fee and Expense Award;

g.      whether the Court should approve Plaintiff's application for a PSLRA award;

h.      Settlement Class Members' objections to the Settlement, if any, whether validly submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Hearing and otherwise comply with the terms of this Order; and

i.      any other matters relating to the approval and implementation of the Stipulation that the Court may deem appropriate.

9.      **Claims Administrator and Escrow Agent.** For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator and Escrow Agent to supervise and administer the notice procedures as well as the processing of claims. The costs incurred by or attributed to the Claims Administrator shall be paid out of the Settlement Amount in the Escrow Account, subject to the terms of the Stipulation. The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $220,000 from the Settlement Fund before the Effective Date to pay for notice to potential Settlement Class Members and related Administrative Costs.

10.     **Notice to Settlement Class Members.** The Court hereby approves, as to form and content, the Long Notice, Proof of Claim, Summary Notice, and Postcard Notice annexed to the Stipulation as Exhibits A-1, A-2, A-3, and A-4, respectively. The Court finds that the Long Notice, Proof of Claim, Summary Notice, and Postcard Notice will sufficiently inform potential Settlement Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement Class, and of each Settlement Class Member's right and opportunity to object

to the proposed Settlement. The Court further finds that the mailing, emailing, and other distribution of the Long Notice, Proof of Claim, and Postcard Notice and the publication of the Summary Notice substantially in the manner and form set forth in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to such notice. The Court expressly concludes that use of the Postcard Notice satisfies the requirements of due process, Fed. R. Civ. P. 23, the PSLRA, and any other applicable law because the Postcard Notice includes the key elements required by the PSLRA (15 U.S.C. § 78u-4(a)(7)) and because, in the particular circumstances of this Settlement, the cost of mailing a longer notice (such as the Long Notice) to each potential Settlement Class Member would unduly erode the Settlement Amount. The Court is aware from the Settling Parties' submissions that numerous other courts have approved the use of postcard notices such as the one proposed here. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

11.    Within five (5) Business Days after the Court signs and enters this Order, Latch and/or its transfer agent(s), to the extent they have not already done so, shall provide or cause to be provided to the Claims Administrator, at Latch's own cost, lists of all persons and entities that purchased Latch common stock during the Class Period, so that the Claims Administrator can provide notice to such potential Settlement Class Members. To the extent practicable, the shareholder lists shall be in electronic form (such as Excel) and shall contain the names and

addresses (and email addresses, if available) of all potential Settlement Class Members who can be identified through reasonable efforts from Latch's and/or its transfer agents' records.

12.    By no later than twenty-one (21) calendar days after entry of this Order (the "Notice Date"), the Claims Administrator shall:

a.    Mail, email, or cause to be mailed or emailed the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-4, by first-class mail, postage prepaid, or by email, to all potential Settlement Class Members known to Lead Counsel or the Claims Administrator as of that date, at the addresses set forth in the records that Latch provided or caused to be provided or otherwise known to the Claims Administrator, and

b.    Notify Nominees about the proposed Settlement so that the Nominees can either mail or email Postcard Notices to beneficial owners who are potential Settlement Class Members or provide the names of those beneficial owners to the Claims Administrator, which will then mail or email Postcard Notices to those potential Settlement Class Members, as more fully provided in paragraph 17 below.

13.    Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published once over a newswire that distributes nationally in the United States (*e.g.*, *GlobeNewswire*, *PR Newswire*) within ten (10) calendar days after the Notice Date.

14.    The Claims Administrator shall also cause copies of the Long Notice and Proof of Claim (collectively, the "Notice Packet") to be mailed or emailed promptly to persons who request copies of the Notice Packet and who assert, in response to the Postcard Notice, Summary Notice, or otherwise, that they are potential Settlement Class Members.

15.    If any Postcard Notices or Notice Packets are returned to the Claims Administrator with updated addresses, or if updated addresses are otherwise reasonably available, the Claims

Administrator shall promptly remail or re-email such Postcard Notices or Notice Packets to the updated addresses.

16.    The Claims Administrator shall cause a website to be established so that potential Settlement Class Members can find information relating to the Action and the proposed Settlement. The website shall contain, among other things, copies of (*i*) the Postcard Notice and the Long Notice, including the Plan of Allocation, (*ii*) the Proof of Claim, (*iii*) the Summary Notice, (*iv*) the Stipulation (including the exhibits), (*v*) motions for approval of the proposed Settlement, and any responsive papers, (*vi*) Lead Counsel's motion for an attorneys' Fee and Expense Award, and any responsive papers, (*vii*) Plaintiff's motion for a PSLRA award, and any responsive papers, (*viii*) the Complaint, (*ix*) this Order and any subsequent Orders concerning the proposed Settlement and the Settlement Hearing, and (*x*) such other materials as Lead Counsel determines should be posted. The Claims Administrator shall post at least the Long Notice and the Proof of Claim on the website by no later than the Notice Date.

17.    **Nominee Procedures.** Within seven (7) calendar days after receipt of notice of the proposed Settlement, Nominees who purchased or otherwise acquired Latch common stock during the Class Period for the benefit of another person or entity shall either (*i*) request from the Claims Administrator additional copies of the Postcard Notice for distribution to those beneficial owners; (*ii*) request from the Claims Administrator the electronic Postcard Notice for distribution to those beneficial owners; or (*iii*) send a list of the names and addresses (and email addresses, if available) of such beneficial owners to the Claims Administrator. If a Nominee elects to send Postcard Notices to beneficial owners, such Nominee shall send the Postcard Notices by first-class mail or email within seven (7) calendar days after receiving copies of those documents from the Claims Administrator. Upon making such mailing or emailing, the Nominee shall send a statement to the

Claims Administrator confirming that the mailing or emailing was done as directed, and the Nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with this Order, including the timely mailing or emailing of the Postcard Notice to beneficial owners if the Nominee undertakes that responsibility, such Nominee may seek reimbursement of its reasonable expenses actually incurred in complying with this Order, up to either (*x*) $0.02 per Postcard Notice actually mailed or emailed, plus postage for mailings at the rate used by the Claims Administrator or (*y*) $0.02 per name, address, and email address provided to the Claims Administrator. Nominees may claim such reimbursement by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing or emailing of the Postcard Notice if applicable. Such properly documented reasonable expenses incurred by Nominees in compliance with the terms of this Order shall be treated as Administrative Costs and paid consistent with paragraph 9 above and paragraph 21 below. The Court will review and decide any disputes as to the reasonableness or documentation of expenses for which Nominees seek reimbursement.

18.    **CAFA Notice.** As provided in the Stipulation, Defendants shall serve any notice required under the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq.* ("CAFA"), no later than ten (10) calendar days after the Stipulation has been filed with the Court. Latch shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than May 21, 2025 (seven (7) calendar days before the Settlement Hearing), Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

19.    The Settling Parties and their counsel may by agreement effect any amendments to or modifications of the proposed Postcard Notice, Long Notice, Summary Notice, Proof of Claim, and Plan of Allocation without notice to or approval by the Court if such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Settlement Class Members.

20.    No later than May 21, 2025 (i.e., at least seven (7) calendar days before the Settlement Hearing), Lead Counsel and/or the Claims Administrator shall serve and file with the Court proof by affidavit or declaration of the mailing or emailing of the Postcard Notice, the publication of the Summary Notice, and the posting of the various materials on the Claims Administrator's website, all as required by this Order.

21.    **Notice and Administrative Expenses and Taxes.** Without further order of the Court, (*i*) as set out above, Administrative Costs (other than the CAFA notice expenses) will be paid, consistent with the terms of the Stipulation, out of the Escrow Account, and (*ii*) Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed on behalf of or concerning the Settlement Amount and other monies in the Escrow Account, to cause any Tax Expenses due and owing to be paid from the funds in the Escrow Account, and to otherwise perform all obligations as to Tax Expenses and any reporting or filings relating to them as contemplated by the Stipulation.

22.    **Filing of Claims.** To be entitled to participate in recovery from the Net Settlement Fund, each Settlement Class Member shall take the following actions and be subject to the following conditions:

a.    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator: (a) electronically through the Claims Administrator's website,

www.strategicclaims.net/Latch, by 11:59 p.m. EST on April 28, 2025; or (b) at the Post Office

Box given in the Notice, postmarked no later than April 28, 2025. Such deadline (which shall be

thirty (30) calendar days before the date initially scheduled for the Settlement Hearing) may be

further extended by Order of the Court. Each Proof of Claim shall be deemed to have been

submitted when (a) the claimant receives a confirmation notice from Strategic Claims Services for

electronic submissions or (b) legibly postmarked (if properly addressed and mailed by first-class

mail), provided such Proof of Claim is actually received before the filing of a motion for an Order

of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in

any other manner shall be deemed to have been submitted on the date that the Claims Administrator

actually receives it at the address designated in the Notice.

      b.     The Proof of Claim submitted by each Settlement Class Member must

satisfy the following conditions: (*i*) it must be properly filled out, signed, and submitted in a timely

manner in accordance with the provisions of the preceding subparagraph; (*ii*) it must be

accompanied by adequate supporting documentation for the reported transactions, in the form of

broker confirmation slips, broker account statements, an authorized statement from the broker

containing the transactional information found in a broker confirmation slip, or such other

documentation that the Claims Administrator or Lead Counsel deems adequate; (*iii*) if the person

executing the Proof of Claim is acting in a representative capacity, such person must provide with

the Proof of Claim a certification of his, her, or its current authority to act on behalf of the

Settlement Class Member; and (*iv*) the Proof of Claim must be complete and contain no material

deletions or modifications of any of the matter printed in the form and must be signed under penalty

of perjury.

c.    Upon receipt of a timely submitted Proof of Claim, the Claims Administrator shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter, as appropriate, describing the basis for the determination and giving the claimant an opportunity to remedy any potentially curable deficiencies. Claimants who timely submit Proofs of Claim that are deficient or otherwise rejected shall be afforded a reasonable time to cure any deficiency that appears to be potentially curable. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within fourteen (14) calendar days after the date of mailing of the rejection notice, serve upon the Claims Administrator a notice and statement providing the Claimant's reasons for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

d.    All claimants shall submit to the jurisdiction of the Court for all matters concerning the filing of and determinations concerning their Proofs of Claim. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of Proofs of Claim.

23.    **Exclusion from Settlement Class.** All potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion to the Claims Administrator at the address set out in the Postcard Notice and Long Notice. The exclusion request must include the following information: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) a statement that the potential Settlement Class Member wishes to request exclusion from the Settlement Class in *Brennan v.*

*Latch, Inc. et. al.*, No. 1:22-cv-07473-JGK (S.D.N.Y.), (*vi*) the number of shares of Latch common

stock held as of opening of trading on June 7, 2021, and purchased or otherwise acquired and/or

sold during the Class Period, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s),

(*viii*) the date of each such transaction involving each such security, and (*ix*) the signature of the

person or entity requesting exclusion or of an authorized representative.

24.    To be valid, any request for exclusion must be in writing, must contain all the

information required by this Order, and must be received by the Claims Administrator no later

than April 23, 2025 (thirty-five (35) calendar days before the date of the Settlement Hearing as

initially set by the Court in this Order).

25.    If the proposed Settlement is approved, any potential Settlement Class Member

who has not filed a timely and valid written request for exclusion from the Settlement Class (and

all Releasing Parties related to each such Settlement Class Member) shall be bound by the Releases

in the Stipulation and by all proceedings, orders, and judgments in the Action, whether favorable

or unfavorable, even if he, she, or it has pending or subsequently initiates any litigation, arbitration,

or other proceeding, or has any other Claim, against any or all of the Defendants or Defendants'

Related Parties relating to any of the Released Plaintiff's Claims.

26.    At or before the Settlement Hearing, the Settling Parties shall provide to the Court

a list of the persons and entities, if any, who have validly and timely requested exclusion from the

Settlement Class. Persons requesting exclusion from the Settlement Class shall not be entitled to

receive any payment in connection with the proposed Settlement.

27.    **Objections.** Any Settlement Class Member who has not filed a request for

exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness, or

adequacy of the proposed Settlement, including to any terms of the Stipulation, to the Plan of

14

Allocation, and/or to the applications for an Attorneys' Fee and Expense Award and/or a PSLRA award, must serve on Lead Counsel and Defendants' counsel and file with the Court a statement of his, her, or its objection(s), as well as the specific reason(s), if any, for each such objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection, and shall state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.

28.    Each objection must include the name and docket number of this case (as set out at the top of this Order) and, in addition to the reason(s) for the objection, must also include the following information about the Settlement Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) number of shares of Latch common stock held as of opening of trading on June 7, 2021, and purchased or otherwise acquired and/or sold during the Class Period, (*vi*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*vii*) the date of each such transaction involving each such security, and (*viii*) account statements verifying all such transactions.

29.    All such objections must be received by the Court and by Lead Counsel and Defendants' counsel no later than April 23, 2025 (thirty-five (35) calendar days before the date of the Settlement Hearing as initially set out by the Court in this Order). Objections must be (*i*) sent or delivered to the following addresses:

      a.    The Court:

Clerk of Court
United States District Court
S.D.N.Y.
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street

15

New York, NY 10007

b.    Lead Counsel:

Jacob A. Greenberg, Esq.
Leah Heifetz-Li, Esq.
The Rosen Law Firm, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, Pennsylvania 19046

c.    Defendants' counsel:

Latham & Watkins LLP
Kristin N. Murphy, Esq.
Jordan Mundell, Esq.
650 Town Center Dr. #20
Costa Mesa, CA 92626

*and*    (*ii*)    emailed    to    jgoldberg@rosenlegal.com,    lheifetz@rosenlegal.com,

kristin.murphy@lw.com, and jordan.mundell@lw.com.

30.    If a Settlement Class Member hires an attorney (at his, her, or its own expense) to

represent him, her, or it for purposes of objecting, such attorney must serve a notice of appearance

on Lead Counsel and Defendants' counsel and file it with the Court (at the addresses set out above)

so that it is received by no later than April 23, 2025 (thirty-five (35) calendar days before the date

of the Settlement Hearing as initially set by the Court in this Order).

31.    Any Settlement Class Member who does not make an objection in the time and

manner specified in the Postcard Notice and Long Notice and this Order shall be deemed to have

waived such objection, shall be bound by the terms of the Stipulation and the Final Judgment, and

shall be foreclosed forever from making any objection to the fairness, reasonableness, or adequacy

of the proposed Settlement, unless otherwise allowed by the Court.

32.    Potential Settlement Class Members who exclude themselves from the proposed

Settlement and the Settlement Class are not entitled to object to the proposed Settlement.

33. **Appearance at the Settlement Hearing.** Any Settlement Class Member may appear at the Settlement Hearing either directly or through counsel retained at the Settlement Class Member's expense to address the fairness, reasonableness, or adequacy of any aspect of the proposed Settlement. Settlement Class Members or their attorneys intending to appear at the Settlement Hearing must serve a notice of intention to appear, setting forth, among other things, the name, address, telephone number, and e-mail address (if available) of the Settlement Class Member (and, if applicable, of the Settlement Class Member's attorney). Such notice of intention to appear must be served on Lead Counsel and Defendants' counsel and filed with the Court (at the addresses set out in paragraph 29 above) so that it is received by no later than April 23, 2025 (thirty-five (35) calendar days before the date of the Settlement Hearing as initially set by the Court in this Order). Any Settlement Class Member (or attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Hearing, except for good cause shown. It is within the Court's discretion to allow appearances at the Settlement Hearing in person, by telephone, or by videoconference.

34. Any Settlement Class Member who wishes to appear at the Settlement Hearing in order to object to the proposed Settlement, proposed Plan of Allocation, attorneys' Fee and Expense Application, and/or PSLRA award application must also comply with the provisions of paragraphs 27 through 33 above. Only those Settlement Class Members who have filed and served a written objection in accordance with those provisions may appear at the Settlement Hearing, either directly or through their own counsel.

35. **Preliminary Injunction.** Pending final determination of whether the proposed Settlement should be approved, the Court orders as follows:

a.      Lead Plaintiff and all other Settlement Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Settlement Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are preliminarily barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Defendants and Defendants' Related Parties based on or relating to the Released Plaintiff's Claims;

b.      All persons and entities are preliminarily barred and enjoined from asserting, filing, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any other lawsuit, including as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Settlement Class Members as to the Defendants and Defendants' Related Parties, if such other lawsuit is based on or related to the Released Plaintiff's Claims; and

c.      All Defendants or Defendants' Related Parties, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities, are preliminarily enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Released Defendants' Claims.

18

36.     **Communications with Settlement Class Members.** Defendants and Defendants'
Related Parties shall maintain the right to communicate orally and in writing with Latch's
shareholders (including potential Settlement Class Members) in the normal course of business. To
the extent that any such communications relate to the Action or the proposed Settlement, such
communications shall be limited to the following:

a.     Communications between potential Settlement Class Members and those
Defendants' and Defendants' Related Parties' representatives whose responsibilities include
investor relations;

b.     Communications as may be necessary to implement the terms of the
Settlement; and

c.     Such communications as may be made in the conduct of the Defendants'
and Defendants' Related Parties' business, including to comply with any applicable regulatory or
listing requirements.

37.     **Filing of Papers.** All papers in support of the proposed Settlement shall be filed
and served as set forth below:

a.     Any motions for final approval of the proposed Settlement and Plan of
Allocation and/or any motions for an attorneys' Fee and Expense Award and/or a PSLRA award
must be filed by no later than April 16, 2025 (forty-two (42) calendar days before the date of the
Settlement Hearing as initially set by the Court in this Order).

b.     Any oppositions to any motions for final approval of the proposed
Settlement or the Plan of Allocation, and/or for an attorneys' Fee and Expense Award and/or a
PSLRA award, must be filed with the Court and received by Lead Counsel and Defendants'
counsel, at the addresses and email addresses set out in paragraph 29, by no later than April 23,

2025 (thirty-five (35) calendar days before the date of the Settlement Hearing as initially set by the Court in this Order).

        c.     Any reply papers in support of final approval of the proposed Settlement, the Plan of Allocation, and/or an attorneys' Fee and Expense award and/or PSLRA award, and any responses to objections submitted pursuant to paragraph 27 or oppositions submitted pursuant to paragraph 37.b, must be filed and served by no later than May 21, 2025 (seven (7) calendar days before the date of the Settlement Hearing as initially set by the Court in this Order).

38.     **Qualified Settlement Fund.** The Escrow Account, held by Strategic Claims Services (or its appointed agent), into which account the Settlement Amount will be paid shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. §§ 1.468B-0 through 1.468B-5. The Court approves the appointment of Strategic Claims Services (or its appointed agent) as Escrow Agent.

39.     **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Stipulation or (*ii*) the proposed Settlement is terminated in accordance with the terms of the Stipulation or does not become effective as required by its terms for any other reason. In such event, the Stipulation shall become null and void and of no further force and effect in accordance with its terms, and it shall not be used or referred to for any purpose whatsoever except as set out in Section 10 of the Stipulation.

40.     **Use of Order.** This Order shall be of no force or effect if the proposed Settlement does not become Final. This Order shall not be construed or used as an admission, concession, or

declaration by or against any of the Defendants or Defendants' Related Parties of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiff or any other Settlement Class Member that his, her, or its claims lack merit or that the relief requested in the Complaint is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims that he, she, or it might have.

41.    **Sharing of Papers.** Lead Counsel and Defendants' counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

42.    **Potential Continuance of Settlement Hearing.** The Court reserves the right to adjourn the date of the Settlement Hearing, and any adjournment thereof, without further notice to potential Settlement Class Members. The Court may decide to hold the Settlement Hearing telephonically or by videoconference without further notice to the Settlement Class. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Claims Administrator's website for any change in the date, time, or format of the Settlement Hearing.

43.    **Retention of Jurisdiction.** The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _17th_ day of _January_ 2025.

_____

The Honorable John G. Koeltl
United States District Judge

21