# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SLATER BRENNAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER,<br><br>Defendants. | No. 1:22-cv-07473-JGK |

**DECLARATION OF MARGERY CRAIG CONCERNING: (A) MAILING/EMAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Margery Craig, declare as follows:

1.      I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over seventeen years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred fifty (550) class action cases since its inception.  I submit this declaration in order to provide the Court and the Parties with information regarding the mailing of the Postcard Notice to potential Settlement Class Members,[1] as well as updates concerning other aspects of the Settlement administration process.  I have personal knowledge of the facts set forth herein and, if called upon to do so, I could and would testify competently thereto.

**MAILING AND EMAILING OF POSTCARD NOTICE**

2.      Pursuant to the Court's Order Preliminarily Approving Proposed Settlement, dated January 17, 2025 (ECF No. 100, the "Preliminary Approval Order"), SCS was appointed and

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated November 12, 2024 (the "Stipulation") (ECF No. 94-1).

1

approved as the Claims Administrator and Escrow Agent to supervise and administer the notice procedure as well as the processing of claims in connection with the above-captioned action.

3.    SCS sent the Depository Trust Company ("DTC") a Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses ("Long Notice") and Proof of Claim and Release Form ("Proof of Claim") (collectively, the "Notice Packet") for the DTC to publish on its Legal Notice System ("LENS") on February 3, 2025.   LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.  **Exhibit A** is a copy of the Notice Packet.

4.    As in most class actions of this nature, the vast majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains and continually updates it proprietary master list of brokerage firms, banks, institutions and other third-party nominees.  SCS's proprietary master list consisted of 1,044 banks and brokerage companies ("Nominee Account Holders"), as well as 1,404 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On February 3, 2025, SCS caused a letter to be mailed or e-mailed to the 2,448 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within seven calendar days from the date of the letter or email, they either (a) send the Postcard Notice or email the electronic Postcard Notice to their customers who may be beneficial purchasers/owners of Latch, Inc. ("Latch") common stock, or (b) provide SCS with a list of the names, last known mailing addresses, and email addresses of such beneficial

2

purchasers/owners so that SCS could promptly mail the Postcard Notice or email the electronic Postcard Notice directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.      To provide actual notice to all persons or entities who purchased or otherwise acquired Latch common stock between June 7, 2021 and August 1, 2023, both dates inclusive (the "Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice or emailed the electronic Postcard Notice to potential Settlement Class Members.  A true and correct copy of the Postcard Notice is attached as **Exhibit C**.

6.      On January 24, 2025, SCS received Latch's transfer agent records from Continental Stock Transfer & Trust.  SCS formatted a list and removed the duplicate records.  SCS proceeded to mail, by first class mail, postage prepaid, the Postcard Notice to 457 individuals/organizations identified on the transfer agent records.  These records reflect the individuals/entities that purchased Latch common stock for their own account, or for the account(s) of their clients, during the Class Period.  The transfer record mailing was completed on February 3, 2025.  On February 6, 2025, SCS mailed Postcard Notices to 37 and emailed four electronic Postcard Notice to the individuals who contacted Lead Counsel, The Rosen Law Firm, P.A. about this case.

7.      Following these mailings, SCS received 2,675 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS. Additionally, SCS received a request from three nominees for 8,030 Postcard Notices, in total, so that the nominees could forward them to their customers. SCS was also notified

3

by two other nominees that they mailed the Postcard Notices to 180 of their customers.  To date, 11,379 Postcard Notices have been mailed to potential Settlement Class Members[2].

8.     Additionally, SCS emailed the electronic Postcard to 16,385 email addresses provided by from individuals or nominees, and SCS was notified by one of the nominees that it emailed 25,326 of its customers the electronic Postcard Notice.  To date, 41,715 emails have been sent with the electronic Postcard Notice.

9.     In total, 53,094 Postcard Notices (either via a mailed or an emailed) were sent to potential Settlement Class Members.

10.     Out of the 11,379 Postcard Notices mailed, 437 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for 20, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 417 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 143 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

11.     Pursuant to the Preliminary Approval Order, the Summary Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses ("Summary Notice") was transmitted over a national newswire, *GlobeNewswire,* on February 17, 2025, as shown in the confirmation of publication attached hereto as **Exhibit D.**

---

[2] SCS received three requests from potential Settlement Class Members for the Notice Packet to be mailed to them.  SCS immediately mailed the Notice Packet to the three potential Settlement Class Members.

**TOLL-FREE PHONE LINE**

12.     SCS maintains a toll-free telephone number (1-866-274-4004) that potential Settlement Class Members may call to obtain information about the Settlement and/or request copies of the Notice Packet.  SCS has promptly responded to each telephone inquiry.

**SETTLEMENT WEBSITE**

13.     On February 3, 2025, SCS established a webpage on its website at www.strategicclaims.net/latch.  The webpage is accessible 24 hours a day, 7 days a week.  The webpage contains the current status; the case deadlines; the online claim filing link; and important case documents such as the Notice Packet, the Postcard Notice, the Preliminary Approval Order, and the Stipulation with exhibits.

**REPORT ON EXCLUSIONS AND OBJECTIONS**

14.     The Postcard Notice, Notice, Summary Notice, and the settlement website informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than April 23, 2025.  SCS has been monitoring mail delivered for this case. As of the date of this declaration, SCS has not received any request for exclusion.

15.     According to the Notice, Settlement Class Members seeking to object to any part of the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, or Lead Plaintiff's application for expenses, must file any written objection to the Clerk of the Court, Lead Counsel, and Defendants' Counsel, no later than April 23, 2025.  As of the date of this declaration, SCS has not received any objections, and SCS has not been notified that any objections were submitted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 16th day of April 2025 in Media, Pennsylvania.

Margery Craig

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLATER BRENNAN, Individually and On Behalf of All Others Similarly Situated,<br><br>**Plaintiff,**<br><br>v.<br><br>LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER,<br><br>**Defendants.** | No. 1:22-cv-07473-JGK |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, (II) SETTLEMENT FAIRNESS HEARING, AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**This Notice is about the proposed settlement of a securities class action against Latch, Inc. and certain of its former officers. You might be a member of the settlement class in that lawsuit, and you might be eligible to receive money from the proposed settlement.**

**NOTICE OF PENDENCY OF CLASS ACTION:** Your rights might be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you purchased or otherwise acquired common stock of Latch, Inc. ("Latch" or "Company") from June 7, 2021, through August 1, 2023, inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:** The Court-appointed lead plaintiff, VB PTC Establishment as Trustee of Gersec Trust ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶19 below), and Defendants Latch, Luke Schoenfelder, Garth Mitchell, and Barry Schaeffer (collectively, "Defendants," and together with Lead Plaintiff, the "Parties") have reached a proposed settlement of the Action for $1,950,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. It explains important rights you might have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in it, please contact Lead Counsel or the Claims Administrator (*see* ¶73 below). DO NOT contact the Court, Latch, the other Defendants, or their counsel about those questions.

1. **Description of the Action and the Settlement Class:** This Notice concerns a proposed settlement of claims in a pending securities class action brought by investors alleging that Latch and certain of its former officers violated the federal securities laws by making false and misleading statements about

---

[1] All capitalized terms not defined in this Notice have the meanings given to them in the Stipulation and Agreement of Settlement ("Stipulation") dated as of November 12, 2024. The Stipulation is available at www.strategicclaims.net/latch.

Latch's financial condition and accounting. A fuller description of the Action is in ¶¶11-18 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶19 below.

2.    **Statement of the Settlement Class's Recovery**: Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, and Defendants have agreed to settle the Action in exchange for $1,950,000 in cash (the "Settlement Amount"). The "Net Settlement Amount" will be distributed under a Plan of Allocation that the Court approves. (The Net Settlement Amount, also called the "Net Settlement Fund", is the Settlement Amount <u>plus</u> any interest earned on it (the "Settlement Fund") <u>less</u> (i) any Taxes and Tax Expenses, (ii) any Administrative Costs, and (iii) any attorneys' fees and expenses awarded by the Court, including any award for the costs and expenses of Lead Plaintiff.)  The proposed Plan of Allocation is in ¶¶50-57 below. The Plan of Allocation will determine how the Net Settlement Amount will be distributed to Settlement Class members.

3.    **Estimate of Average Recovery Per Share**: Based on Lead Plaintiff's damages expert's estimate of the number of shares of Latch common stock that were purchased during the Class Period and might have been affected by the conduct alleged in the Action, and assuming all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before deduction of any Court-approved fees, expenses, and costs as described below) is $0.03 per affected share. If the Court approves the fee and expense applications discussed below, the average recovery would be approximately $0.02 per affected share. Those numbers, however, are only estimates. Some Settlement Class Members might recover more or less than the estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares, and the total number and value of valid Proof of Claim and Release Forms ("Proof of Claim") submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation (*see* ¶¶50-57 below) or such other Plan of Allocation as the Court might order.

4.    **Average Amount of Damages Per Share**: The Parties do not agree on the issues of liability or damages, including the average amount of damages per share of Latch common stock that would be recoverable if Lead Plaintiff were to prevail at trial. Among other things, Defendants do not agree that (i) they made any statements that were materially false or misleading, or made material omissions in violation of a duty to disclose or that are otherwise actionable, under the federal securities laws; (ii) such statements or omissions were made with the requisite level of intent or recklessness; (iii) the alleged misstatements and omissions caused or in any way influenced the trading prices of Latch's common stock to fluctuate during the Class Period; and (iv) any Settlement Class Members suffered any damages from Defendants' alleged conduct.  Defendants deny and continue to deny each allegation of wrongdoing, fault, liability, or damage asserted against them in the Action.

5.    **Attorneys' Fees and Expenses Sought**: Lead Counsel have been prosecuting the Action on a wholly contingent basis and have not yet received any fees for their representation of the Settlement Class.[2] They also have advanced money to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed $33^{1/3}$% (one-third) of the Settlement Fund. In addition, Lead Counsel will apply for payment of expenses paid or incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $60,000, and Lead Plaintiff will apply for payment of the reasonable costs and expenses it incurred directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in an amount not to exceed $5,000. Any fees and expenses that the Court awards to Lead Counsel and Lead Plaintiff will be paid from the Settlement Fund. Settlement Class Members will not be personally liable for any such fees or expenses. The estimated average cost for such

---

[2] Plaintiff's Counsel include (i) Lead Counsel, The Rosen Law Firm, P.A., and (ii) additional counsel, Schall Law Firm.

2

fees and expenses, if the Court approves Lead Counsel's fee and expense application and Lead Plaintiff's application for a PSLRA Award, is approximately $0.01 per affected share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Jacob A. Goldberg and Leah Heifetz-Li of The Rosen Law Firm, P.A., 101 Greenwood Avenue, Suite 440, Jenkintown, PA 19046, (215) 600-2817, jgoldberg@rosenlegal.com and lheifetz@rosenlegal.com.

7. **Reasons for the Settlement:** Lead Plaintiff's main reason for entering into the Settlement is the substantial, certain, and prompt recovery for the Settlement Class without the risks and delays from further litigation, especially in complex securities actions such as this one. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or perhaps no recovery at all—might be achieved after contested motions, a potential trial of the Action, and the likely appeals that would follow. That process could last several years. Defendants, who denied and continue to deny all allegations of wrongdoing, fault, liability, or damage, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Accordingly, the Settlement may not be construed as an admission of wrongdoing by Defendants.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ELECTRONICALLY OR BY FIRST-CLASS MAIL** *RECEIVED OR POSTMARKED* **NO LATER THAN APRIL 28, 2025.** | This is the only way to be eligible to receive a payment from the Net Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court, and you will give up any Released Plaintiff's Claims (defined in ¶34 below) you have against Defendants and any other Related Parties (defined in ¶35 below), so it is in your interest to submit a Proof of Claim. Proof of Claims are available at www.strategicclaims.net/latch. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION THAT IS** *RECEIVED* **NO LATER THAN APRIL 23, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund, and you will not be able to object to the Settlement. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or other Defendants and any other Related Parties concerning the Released Plaintiff's Claims. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and their Related Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION THAT IS** *RECEIVED* **NO LATER THAN APRIL 23, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and expenses, or the proposed award to Lead Plaintiff, you may write to the Court and explain why you do not like them. You cannot object to any of those matters unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

3

| | |
|---|---|
| **GO TO A HEARING ON MAY 28, 2025, AT 4:30 P.M., AND FILE A NOTICE OF INTENTION TO APPEAR THAT IS *RECEIVED* NO LATER THAN APRIL 23, 2025.** | If you file a written objection and notice of intention to appear by April 23, 2025, you may speak in Court, at the Court's discretion, about the fairness the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses or the award to Lead Plaintiff. However, you do not need to speak at or attend the hearing to have the Court consider your objection. The Court may change the date of the Settlement Hearing and may also order the Hearing to be held by telephone or videoconference, in which case instructions about date, time, and how to participate will be posted on www.strategicclaims.net/latch. |
| **DO NOTHING.** | If you are a member of the Settlement Class and do not submit a valid Proof of Claim by April 28, 2025, you will not be eligible to receive any payment from the Net Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you will give up your right to sue about the claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?...........................................................................................................Page 4

What Is This Case About? ............................................................................................................Page 5

How Do I Know If I Am Affected By The Settlement?
　Who Is Included In The Settlement Class?..............................................................................Page 6

What Are Lead Plaintiff's Reasons For Settling?........................................................................Page 7

What Might Happen Without A Settlement?.................................................................................Page 7

How Are Settlement Class Members Affected By The Action And The Settlement?.........................Page 8

How Do I Participate In The Settlement?  What Do I Need To Do?.................................................Page 10

How Much Will My Payment Be?...................................................................................................Page 10

What Payment Are The Attorneys For The Settlement Class Seeking?
　How Will The Lawyers Be Paid? ..............................................................................................Page 15

What If I Do Not Want To Be A Member Of The Settlement Class?
　How Do I Exclude Myself? ......................................................................................................Page 15

When And Where Will The Court Decide Whether To Approve The
　Settlement?  Do I Have To Participate in The Hearing?  May I Speak At
　The Hearing If I Don't Like The Settlement?...........................................................................Page 16

What If I Bought Shares On Someone Else's Behalf? ..................................................................Page 18

Can I See The Court File?  Whom Should I Contact If I Have
　Questions?.............................................................................................................................Page 18

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be made available to you because you or someone in your family or an investment account for which you serve as a custodian might have purchased or otherwise acquired Latch common stock during the Class Period. You therefore might be a Settlement Class Member in this Action, so you have a right to know your options before the Court rules on the proposed Settlement. You also have the right to understand how this class action might generally affect your legal rights. If the

Court approves the Settlement and the Plan of Allocation, the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    This Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also designed to inform you of the terms of the proposed Settlement, your right to object to it, and a hearing at which the Court will consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and litigation expenses, and Lead Plaintiff's application for an award of costs (the "Settlement Hearing"). *See* ¶¶63-71 below for details about the Settlement Hearing.

10.    This Notice does not express the Court's opinion about the merits of the claims in the Action, and the Court has not yet decided whether to approve the Settlement. If the Court approves the Settlement and a Plan of Allocation, payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    Latch is an enterprise technology company serving multifamily residential properties by selling access control devices that are installed in or deployed at multi-family buildings. Its common stock currently trades on the OTC market under the symbol "LTCH," and previously traded on NASDAQ. Lead Plaintiff alleges that Defendants made false and misleading statements and material omissions about Latch's financial condition during the Class Period, materially overstating revenue in violation of Generally Accepted Accounting Principles ("GAAP") and misleading investors concerning the Company's internal controls as well as key non-GAAP business metrics. Latch admitted errors and possible irregularities with respect to its revenue recognition practices in its financial statements for 2019 through the first quarter of 2022, which it determined to restate once its investigation into these issues concluded. Latch also announced possible deficiencies in the Company's internal controls over financial reporting during these periods. Latch has yet to restate its financial results and, as a result, was delisted by NASDAQ because it did not regain compliance with NASDAQ's listing rule by the deadline that NASDAQ had set. Lead Plaintiff contends that the alleged misstatements or omissions inflated the price of Latch common stock during the Class Period and that the stock price declined when the financial and accounting errors were disclosed. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability asserted against them in this Action or that could have been alleged by Lead Plaintiff and the Settlement Class, including that any of the alleged conduct supports Lead Plaintiff's claims.

12.    On August 31, 2022, a Latch shareholder named Slater Brennan filed a class-action complaint in the Court asserting claims under the federal securities laws against Latch and three of its now-former executive officers: Luke Schoenfelder, former Chief Executive Officer, Garth Mitchell, former Chief Financial Officer, and Barry Schaeffer, former Interim Chief Financial Officer.

13.    By Order dated January 17, 2023, the Court appointed VB PTC Establishment as Trustee of Gersec Trust as Lead Plaintiff for the Action and approved its selection of The Rosen Law Firm, P.A., as Lead Counsel.

14.    On October 24, 2023, Lead Plaintiff filed and served an Amended Class Action Complaint. On November 14, 2023, the Court ordered that Defendants would answer, move to dismiss, or otherwise respond to the Amended Complaint by November 21, 2023. If Defendants moved to dismiss, Lead Plaintiff would either file an opposition to Defendants' motion or file another amended complaint in response by December 5, 2023. On November 21, 2023, Defendants moved to dismiss the Amended Complaint. On December 5, 2023, Lead Plaintiff filed the Second Amended Consolidated Complaint

5

("Complaint"), asserting claims against Latch, Mr. Schoenfelder, Mr. Mitchell, and Mr. Schaeffer under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder, and against the individual defendants under Section 20(a) of the Exchange Act.

15.    On December 28, 2023, Defendants moved to dismiss the Complaint. On January 18, 2024, Lead Plaintiff opposed Defendants' motion to dismiss the Complaint. On February 1, 2024, Defendants filed their reply in further support of their motion to dismiss the Complaint.

16.    Over the course of the litigation, the parties engaged in discussions concerning possible settlement of the Action. On September 11, 2024, the Settling Parties reached a settlement in principle, agreeing to a full release of all claims against all Defendants from all Settlement Class Members that do not exclude themselves in exchange for $1,950,000 in cash. The Parties executed a Term Sheet on September 24, 2024, setting forth their agreement in principle to settle and release all claims in return for a cash payment by Defendants of $1,950,000 for the benefit of the Settlement Class. The agreement was subject to certain terms and conditions, including the execution of a full stipulation of settlement and related papers and approval by the Court.

17.    On November 12, 2024, the Parties entered into the full Stipulation, which contains the complete terms and conditions of the Settlement. The Stipulation is available at www.strategicclaims.net/latch. You should read it if you want a full understanding of its terms.

18.    On January 17, 2025, the Court preliminarily approved the proposed Settlement, authorized notice of the Settlement to be given to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

19.    If you are a member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded from it. The Settlement Class consists of:

all persons and entities who purchased or otherwise acquired Latch Securities (meaning common stock) during the period from June 7, 2021, through August 1, 2023, inclusive.

Excluded from the Settlement Class are:

a.    such persons or entities who submit valid and timely requests for exclusion from the Settlement Class (For information on how to submit a request for exclusion, *see* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," in ¶¶59-62 below);

b.    such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against Defendants or one or more of the Defendants and any other Related Parties (defined below in ¶35) arising out of or related to the Released Plaintiff's Claims (defined below in ¶34); and

c.    Defendants, the officers and directors of Latch and its affiliates and subsidiaries, members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

PLEASE NOTE: Receipt of this Notice does *not* necessarily mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement.

**If you are a Settlement Class Member and wish to be eligible to receive a payment, you must submit the Proof of Claim that is available with this Notice and can be accessed at www.strategicclaims.net/latch, as well as the required supporting documentation described in the Proof of Claim, *postmarked or received online* no later than April 28, 2025, to the Claims Administrator.**

6

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR SETTLING?

20.   Lead Plaintiff and Lead Counsel believe that the claims they asserted have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue those claims through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.

21.   First, Lead Plaintiff faced risk from Defendants' pending motion to dismiss. While Lead Plaintiff believes that the Action would have survived this stage, it recognizes the meaningful risk that Defendants could persuade the Court to dismiss the Action on the pleadings.

22.   Second, even if Lead Plaintiff survived Defendants' motion to dismiss, and even though Lead Plaintiff believes that the Settlement Class meets the requirements for certification, the class has not yet been certified, and Lead Plaintiff understands there is a risk the Court could deny certification, or could shorten the class period based on issues related to falsity, scienter, and/or loss causation. If Lead Plaintiff failed to obtain class certification, or if the proposed class period were shortened, the benefit to the Settlement Class would be substantially reduced or eliminated.

23.   Third, even if Lead Plaintiff survived Defendants' motion to dismiss and the Court certified the class, it still would face substantial challenges in developing facts to survive summary judgment or establish Defendants' liability at trial. Lead Plaintiff would face challenges in proving that Defendants' statements about Latch's financial results and internal controls were materially false and misleading and that Defendants made those alleged misstatements knowing that they were false or with reckless disregard for their truth or falsity.

24.   Fourth, even if Lead Plaintiff could prove falsity and knowing or reckless misconduct, it would face difficulties in establishing damages, which would require a battle of the experts.

25.   Finally, given, among other things, the extensive discovery necessary to prove the case and the significant expert testimony needed to establish liability, loss causation, and damages, there is no doubt that continued prosecution of this case would have been both time-intensive and costly.

26.   In light of these risks, the amount of the Settlement, and the immediacy of recovery for the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $1,950,000 in cash (plus interest, and less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after motions to dismiss, summary judgment, trial, and appeals, possibly years in the future.

27.   Defendants deny the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages from the conduct alleged. Specifically, Defendants deny that (i) they made any statements that were materially false or misleading, or made material omissions in violation of a duty to disclose or that are otherwise actionable, under the federal securities laws; (ii) such statements or omissions were made with the requisite level of intent or recklessness; (iii) the alleged misstatements and omissions caused or in any way influenced the trading prices of Latch's common stock to fluctuate during the Class Period; and (iv) any Settlement Class Members suffered any damages from Defendants' alleged conduct.  Defendants deny and continue to deny each allegation of wrongdoing, fault, liability, or damage asserted against them in the Action, and have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.

## WHAT MIGHT HAPPEN WITHOUT A SETTLEMENT?

28.   If there were no Settlement, and if Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of

their defenses at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

<div style="border:1px solid #000; text-align:center; font-weight:bold;">

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED**
**BY THE ACTION AND THE SETTLEMENT?**

</div>

29.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel unless you enter an appearance through counsel of your own choice at your own expense. You do not need to retain your own counsel, but, if you choose to do so, your counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?," in ¶¶63-71 below.

30.    If you are a Settlement Class Member and do not wish to remain in the Settlement Class, you may exclude yourself from it by following the instructions in the section entitled "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," in ¶¶59-62 below.

31.    If you are a Settlement Class Member and wish to object to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, or Lead Plaintiff's application for a PSLRA award, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled "When And Where Will The Court Decide Whether To Approve The Settlement?," in ¶¶63-71 below.

32.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court even if you have pending or later file any claim or lawsuit against Defendants and any other Related Parties (as defined in ¶35 below) relating to the Released Plaintiff's Claims (as defined in the Stipulation and ¶34 below). If the Settlement is approved, the Court will enter a judgment (the "Judgment") and a final approval order (the "Approval Order"). The Judgment and Approval Order will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiff and all other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such ("Releasors"), or any person purporting to assert a Released Plaintiff's Claim on behalf of, for the benefit of, or derivatively for any such Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

a.    all Released Plaintiff's Claims (as defined in ¶34 below) against Defendants and any other Related Parties (as defined in ¶35 below);

b.    all Claims, damages, and liabilities as to Defendants and any other Related Parties, whether known or unknown, asserted or unasserted, whether arising under federal, state, common, or foreign law, whether class, individual, or derivative in nature, to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, allegations, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (i) the prosecution, defense, or settlement of the Action, (ii) the Stipulation or its implementation, (iii) the Settlement terms and their implementation, (iv) the provision of notice in connection with the proposed Settlement, and/or (v) the resolution of any Claim Forms submitted in connection with the Settlement; and

c.    all Claims against Defendants and any other Related Parties for attorneys' fees, costs, or disbursements incurred by Lead Counsel or any other counsel representing Lead Plaintiff or any other Settlement Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Stipulation.

33.    In addition, the Judgment and Approval Order will contain an injunction providing that:

8

a.  Lead Plaintiff and all Settlement Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Settlement Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to Defendants and any other Related Parties based on or relating to the Released Plaintiff's Claims; and

b.  all persons and entities are permanently barred and enjoined from asserting, filing, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any other lawsuit, including as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Settlement Class Members as to Defendants and any other Related Parties, if such other lawsuit is based on or related to the Released Plaintiff's Claims.

34.  "Released Plaintiff's Claims" means any and all Claims and causes of action of every nature and description, whether known or unknown (including, for the avoidance of doubt, Unknown Claims), asserted or unasserted, whether arising under federal, state, common or foreign law, whether class, individual, or derivative in nature, that Plaintiff or any Settlement Class Member has asserted in the Action, or could have asserted in either the Action or in any future action in any United States forum, whether directly, derivatively, or on behalf of a class, that concern, arise out of, refer to, are based upon, or are related in any manner to the allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the Action.  For the avoidance of doubt, Released Plaintiffs' Claims shall not include (i) any Claims to enforce the Stipulation or the Settlement, (ii) the claims asserted in *Schwartz v. Latch, Inc, et al.*, Case No. 1:23-cv-00027 (D. Del.), (iii) the claims asserted in *Kilari v. TS Innovation Acquisitions Sponsor, LLC, et al.*, C.A. No. 2023-0509 (Del. Ch.); *Subramanian v. TS Innovation Acquisitions Sponsor, LLC, et al.*, C.A. No. 2023-0514 (Del. Ch.); and *Garfield v. Speyer, et al.*, C.A. No. 2023-0504 (Del. Ch.), or (iv) the claims asserted in *Manley v. Latch, Inc., et al.*, Case No. 1:23-cv-01273 (S.D.N.Y.); and *Gottlieb v. Latch, Inc., et al.*, Case No. 1:23-cv-07473 (S.D.N.Y.); *provided, however*, that the term "Released Plaintiff's Claims" does not include (and will not release or impair) any claims to enforce the Stipulation.

35.  "Related Parties" means, with respect to Defendants (including Latch, Mr. Schoenfelder, Mr. Mitchell, and Mr. Schaeffer), present and former employees, officers, directors, successors, predecessors, assigns, heirs, executors, trustees, administrators, immediate family members, spouses, attorneys, legal representatives, contractors, accountants, insurers, reinsurers, underwriters, investment advisors, consultants, principals, controlling shareholders, partners, members, managers, agents, joint ventures, direct and/or indirect parents, subsidiaries, divisions, affiliates, and/or administrators, as well as any trust of which such Defendant is the settlor or that is for the benefit of such Defendant and/or any member of such Defendant's immediate family, and/or any Person that is or was related to or affiliated with such Defendant or in which such Defendant has a controlling interest.

36.  The Judgment and Approval Order will also provide that, upon the Final Settlement Date, Defendants and any other Related Parties, and anyone purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to Released Defendants' Claims.

37.  "Released Defendants' Claims" means any and all Claims and causes of action of every nature and description, whether known or unknown (including, for the avoidance of doubt, Unknown Claims),

asserted or unasserted, whether arising under federal, state, common or foreign law arising from the institution, prosecution, or settlement of the Action, except any Claims (i) to enforce this Stipulation or the Settlement, (ii) against any Opt-Out, or (iii) Defendants may have against any insurer with respect to obligations to fund the Settlement Amount or any portion thereof. The full definition of Released Defendants' Claims is set forth in the Stipulation.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

38.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and must timely complete and return the Claim Form with adequate supporting documentation. You must submit the Proof of Claim either (a) electronically through the Claims Administrator's website, www.strategicclaims.net/latch, by **11:59 p.m. ET on April 28, 2025**, or (b) by mail to *Latch Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 North Jackson Street, Suite 205, Media, PA 19063, ***postmarked* no later than April 28, 2025**. A Proof of Claim will be deemed to have been submitted when (a) the claimant receives a confirmation notice from Strategic Claims Services for electronic submissions or (b) legibly postmarked (if properly addressed and mailed by first-class mail), if such Proof of Claim is actually received before Lead Plaintiff files a motion for distribution of the Net Settlement Amount.

39.    A Proof of Claim is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.strategicclaims.net/latch. You may also request that a Proof of Claim be mailed to you by calling the Claims Administrator toll-free at 1-866-274-4004 or by emailing the Claims Administrator at info@strategicclaims.net. Please retain all records of your ownership of and transactions in Latch Securities, as they will be needed to document your Claim.

40.    If you request exclusion from the Settlement Class or do not submit a timely and valid Proof of Claim, you will not be eligible to share in the Net Settlement Amount.

## HOW MUCH WILL MY PAYMENT BE?

41.    At this time, it is not possible to determine how much any individual Settlement Class Member might receive from the Settlement.

42.    Pursuant to the Settlement, Defendants have agreed to pay $1,950,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned on it is called the "Settlement Fund." If the Court approves the Settlement, and if the Final Settlement Date occurs, the "Net Settlement Amount" will be distributed to Settlement Class Members who submit valid Proof of Claims in accordance with the proposed Plan of Allocation or such other Plan of Allocation as the Court may approve ("Authorized Claimants"). The Net Settlement Amount is the Settlement Fund *less* (i) any Taxes and Tax Expenses, (ii) any Administrative Costs, and (iii) any attorneys' fees and expenses awarded to Lead Counsel or Lead Plaintiff by the Court.

43.    The Net Settlement Amount will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

44.    Defendants are not entitled to get back any portion of the Settlement Amount once the Court's order or judgment approving the Settlement becomes Final. Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Amount, or the Plan of Allocation.

45.    Approval of the Settlement is independent from approval of a Plan of Allocation. Any determination about a Plan of Allocation will not affect the Settlement, if approved.

46.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Proof of Claim electronically or postmarked on or before April 28, 2025, will be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶34 above) against Defendants and any Related Parties (as defined in ¶35 above) and will be barred and enjoined from prosecuting any of the Released Plaintiff's Claims against Defendants or any of their Related Parties whether or not such Settlement Class Member submits a Proof of Claim.

47.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.    Each person or entity that submits a Proof of Claim will be deemed to have submitted to the jurisdiction of the Court as to his, her, or its Proof of Claim.

49.    Only members of the Settlement Class will be eligible to share in the distribution of the Net Settlement Amount. Persons and entities that are excluded from the Settlement Class by definition or that request exclusion from the Settlement Class will not be eligible for a payment and should not submit Proof of Claims.

## PROPOSED PLAN OF ALLOCATION

50.    The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Latch.

51.    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  Please Note:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "pro rata share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

52.    If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution

is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel and approved by the Court.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.

I)  For shares of Latch common stock purchased between June 7, 2021 and August 14, 2022, inclusive, the Recognized Loss shall be calculated as follows:

A.  For shares retained at the end of trading on October 30, 2023, the Recognized Loss shall be 100% of the lesser of:
   i)   $1.12 per share; or
   ii)  the difference between the purchase price per share and $0.85 per share.[3]

B.  For shares sold on or before August 14, 2022, the Recognized Loss per share shall be $0.

C.  For shares sold between August 15, 2022 and August 25, 2022, inclusive, the Recognized Loss shall be 100% of the lesser of:
   i)   $0.24 per share; or
   ii)  the difference between the purchase price per share and the sales price per share.

D.  For shares sold between August 26, 2022 and April 2, 2023 inclusive, the Recognized Loss shall be 100% of the lesser of:
   i)   $0.31 per share; or
   ii)  the difference between the purchase price per share and the sales price per share.

E.  For shares sold between April 3, 2023 and August 1, 2023, inclusive, the Recognized Loss shall be 100% of the lesser of:
   i)   $0.38 per share; or
   ii)  the difference between the purchase price per share and the sales price per share.

F.  For shares sold between August 2, 2023 and October 30, 2023, inclusive, the Recognized Loss shall be 100% of the lesser of:
   i)   $1.12 per share; or
   ii)  the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

II) For Latch common stock purchased between August 15, 2022 and August 25, 2022, inclusive, the Recognized Loss shall be calculated as follows:

A.  For shares retained at the end of trading on October 30, 2023, the Recognized Loss shall be 75% of the lesser of:
   i)   $0.88 per share; or
   ii)  the difference between the purchase price per share and $0.85 per share.

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $0.85 per share was the mean (average) daily closing trading price of Latch common stock during the 90-day period beginning on August 2, 2023 through and including on October 30, 2023.

12

B.  For shares sold on or before August 25, 2022, the Recognized Loss per share shall be $0.

C.  For shares sold between August 26, 2022 and April 2, 2023, inclusive, the Recognized Loss shall be 75% of the lesser of:
   i)  $0.07 per share; or
   ii)  the difference between the purchase price per share and the sales price per share.

D.  For shares sold between April 3, 2023 and August 1, 2023, inclusive, the Recognized Loss shall be 75% of the lesser of:
   i)  $0.14 per share; or
   ii)  the difference between the purchase price per share and the sales price per share.

E.  For shares sold between August 2, 2023 and October 30, 2023, inclusive, the Recognized Loss shall be 75% of the lesser of:
   i)  $0.88 per share; or
   ii)  the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

III)  For shares of Latch common stock purchased between August 26, 2022 and April 2, 2023, inclusive, the Recognized Loss shall be calculated as follows:

A.  For shares retained at the end of trading on October 30, 2023, the Recognized Loss shall be 15% of the lesser of:
   i)  $0.81 per share; or
   ii)  the difference between the purchase price per share and $.85 per share.

B.  For shares sold on or before April 2, 2023, the Recognized Loss per share shall be $0.

C.  For shares sold between April 3, 2023 and August 1, 2023, inclusive, the Recognized Loss shall be 15% of the lesser of:
   i)  $0.07 per share; or
   ii)  the difference between the purchase price per share and the sales price per share.

D.  For shares sold between August 2, 2023 and October 30, 2023, inclusive, the Recognized Loss shall be 15% of the lesser of:
   i)  $0.81 per share; or
   ii)  the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

IV)  For securities purchased between April 3, 2023 and August 1, 2023, inclusive, the Recognized Loss shall be calculated as follows:

A.  For shares retained at the end of trading on October 30, 2023, the Recognized Loss shall be 15% of the lesser of:
   i)  $0.74 per share; or
   ii)  the difference between the purchase price per share and $.85 per share.

B.  For shares sold on or before August 1, 2023, the Recognized Loss per share shall be $0.

C.  For shares sold between August 2, 2023 and October 30, 2023, inclusive, the Recognized Loss shall be 15% of the lesser of:
   i)  $0.74 per share; or
   ii)  the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

13

| TABLE A | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 8/2/2023 | $0.91 | $0.91 | | 8/31/2023 | $0.86 | $0.76 | | 10/2/2023 | $0.98 | $0.83 |
| 8/3/2023 | $0.93 | $0.92 | | 9/1/2023 | $0.85 | $0.77 | | 10/3/2023 | $0.95 | $0.84 |
| 8/4/2023 | $0.87 | $0.90 | | 9/5/2023 | $0.79 | $0.77 | | 10/4/2023 | $0.95 | $0.84 |
| 8/7/2023 | $0.94 | $0.91 | | 9/6/2023 | $0.85 | $0.77 | | 10/5/2023 | $0.85 | $0.84 |
| 8/8/2023 | $0.91 | $0.91 | | 9/7/2023 | $0.84 | $0.77 | | 10/6/2023 | $0.86 | $0.84 |
| 8/9/2023 | $0.82 | $0.90 | | 9/8/2023 | $0.88 | $0.78 | | 10/9/2023 | $0.84 | $0.84 |
| 8/10/2023 | $0.70 | $0.87 | | 9/11/2023 | $0.90 | $0.78 | | 10/10/2023 | $0.85 | $0.84 |
| 8/11/2023 | $0.80 | $0.86 | | 9/12/2023 | $0.90 | $0.79 | | 10/11/2023 | $0.86 | $0.84 |
| 8/14/2023 | $0.62 | $0.83 | | 9/13/2023 | $0.89 | $0.79 | | 10/12/2023 | $0.87 | $0.84 |
| 8/15/2023 | $0.70 | $0.82 | | 9/14/2023 | $0.89 | $0.79 | | 10/13/2023 | $0.87 | $0.84 |
| 8/16/2023 | $0.62 | $0.80 | | 9/15/2023 | $0.93 | $0.80 | | 10/16/2023 | $0.89 | $0.84 |
| 8/17/2023 | $0.64 | $0.79 | | 9/18/2023 | $0.90 | $0.80 | | 10/17/2023 | $0.95 | $0.84 |
| 8/18/2023 | $0.68 | $0.78 | | 9/19/2023 | $0.90 | $0.80 | | 10/18/2023 | $0.89 | $0.84 |
| 8/21/2023 | $0.67 | $0.77 | | 9/20/2023 | $0.90 | $0.81 | | 10/19/2023 | $0.90 | $0.85 |
| 8/22/2023 | $0.70 | $0.77 | | 9/21/2023 | $0.93 | $0.81 | | 10/20/2023 | $0.89 | $0.85 |
| 8/23/2023 | $0.70 | $0.76 | | 9/22/2023 | $0.90 | $0.81 | | 10/23/2023 | $0.90 | $0.85 |
| 8/24/2023 | $0.69 | $0.76 | | 9/25/2023 | $0.97 | $0.82 | | 10/24/2023 | $0.89 | $0.85 |
| 8/25/2023 | $0.72 | $0.76 | | 9/26/2023 | $0.95 | $0.82 | | 10/25/2023 | $0.88 | $0.85 |
| 8/28/2023 | $0.83 | $0.76 | | 9/27/2023 | $0.95 | $0.82 | | 10/26/2023 | $0.89 | $0.85 |
| 8/29/2023 | $0.69 | $0.76 | | 9/28/2023 | $0.97 | $0.83 | | 10/27/2023 | $0.90 | $0.85 |
| 8/30/2023 | $0.80 | $0.76 | | 9/29/2023 | $0.94 | $0.83 | | 10/30/2023 | $0.93 | $0.85 |

53.    To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in Latch common stock during the Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in Latch common stock during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

54.    For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Latch common stock shall not be deemed a purchase, acquisition or sale of shares for the calculation of a Settlement Class Member's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

55.    For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order.  Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases and sales of Latch common stock during the period from June 7, 2021 through and including October 30, 2023.  Latch common stock purchased or otherwise acquired and sold during the Class Period must have been sold at a loss and after an alleged corrective disclosure to qualify as a Recognized Loss.  Trading gains, if any, will have a Recognized Loss of $0.00.

56.    Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Claimants.  No person shall have any claim against Defendants, Defendants' counsel, Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on the

14

distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

57.    The Plan of Allocation set forth in this Notice is the plan that Lead Plaintiff, after consultation with its damages expert, is proposing to the Court for approval. The Court may approve this plan as proposed, or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.strategicclaims.net/latch.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

58.    Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class; nor have they been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for Lead Counsel in an amount not to exceed $33^{1/3}$% (one-third) of the Settlement Fund. Lead Counsel have a retention agreement with Lead Plaintiff that provides for a contingency fee to be awarded to Lead Counsel after notice to the Settlement Class and approval by the Court. When they file a motion for attorneys' fees, Lead Counsel also intend to apply for payment of litigation expenses paid or incurred by Lead Counsel in an amount not to exceed $60,000, and for the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class, pursuant to the PSLRA, in an amount not to exceed $5,000. The Court will determine the amount of any award of attorneys' fees and expenses to Lead Counsel and any Award to Lead Plaintiff. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members will not be personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

59.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Latch Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 North Jackson Street, Suite 205, Media, PA 19063. The **Request for Exclusion** must be *received* no **later than April 23, 2025**. You will not be able to exclude yourself from the Settlement Class after that date. A potential Settlement Class Member's request for exclusion must include the following information: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) a statement that the potential Settlement Class Member wishes to request exclusion from the Settlement Class in *Brennan v. Latch Inc. f/k/a TS Innovation Acquisitions Corp.*, No. 1:22-cv-07473 (JGK), (*vi*) the number of shares of Latch Securities held as of opening of trading on June 7, 2021, and purchased or otherwise acquired and/or sold during the Class Period, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*viii*) the date of each such transaction involving each such security, and (*ix*) the signature of the person or entity requesting exclusion or of an authorized representative. A Request for Exclusion will not be valid and effective unless it provides all the

15

information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

60.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Released Parties.

61.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Amount.

62.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO PARTICIPATE IN THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
| :---: |

63.    **Settlement Class Members do not need to participate in the Settlement Hearing.** The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not speak at or otherwise observe the hearing. **You can participate in the Settlement without attending the Settlement Hearing.**

64.    <u>**Please Note:**</u> The date and time of the Settlement Hearing might change without further written notice to the Settlement Class. In addition, the Court might decide to conduct the Settlement Hearing by telephonic or videoconference, or otherwise allow counsel for the Parties and Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class. To find out whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, you should monitor the Court's docket and the Settlement website, www.strategicclaims.net/latch, before making any plans to attend the Settlement Hearing in person. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person, telephonic, or video appearances, will be posted to the Settlement website, www.strategicclaims.net/latch. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video, the information for accessing the conference will be posted to the website.

65.    The Settlement Hearing will be held on **May 28, 2025, at 4:30 p.m.**, before District Judge John G. Koeltl, either in-person at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 14A, or by telephone or video, to determine, among other things, (i) whether the proposed Settlement on the terms and conditions stated in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as class representative for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants and whether the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's motion for attorneys' fees and litigation expenses and Lead Plaintiff's motion for costs and expenses should be approved; (vi) any objections that Settlement Class Members have raised; and (vii) any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and litigation expenses; and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

16

66.    Any Settlement Class Member who does not request exclusion from the Settlement Class may **object** to the Settlement, the proposed Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, or Lead Plaintiff's application for expenses. Objections must be in writing. You must file any **written objection**, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the address set forth below **on or before April 23, 2025**. You must also serve the papers on Lead Counsel and Defendants' counsel at the addresses set forth below so that the papers are *received* **on or before April 23, 2025**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of Court | The Rosen Law Firm, P.A. | Latham & Watkins LLP |
| United States District Court | Jacob A. Goldberg, Esq. | Kristin N. Murphy, Esq. |
| S.D.N.Y. | Leah Heifetz-Li, Esq. | Jordan Mundell, Esq. |
| Daniel Patrick Moynihan | 101 Greenwood Ave., Suite 440 | 650 Town Center Dr. #20 |
| U.S. Courthouse | Jenkintown, PA  19046 | Costa Mesa, CA 92626 |
| 500 Pearl Street | | |
| New York, NY 10007 | | |

You must also *email* the objection and any supporting papers on or before April 23, 2025, to jgoldberg@rosenlegal.com,    lheifetz@rosenlegal.com,    kristin.murphy@lw.com,    and jordan.mundell@lw.com.

67.    Any objection must state the specific reason(s), if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection, and must state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition to the reason(s) for the objection, an objection must also include the name and docket number of this case (*Brennan v. Latch Inc. f/k/a TS Innovation Acquisitions Corp.*, No. 1:22-cv-07473 (JGK) (S.D.N.Y.)) and the following information about the objecting Settlement Class Member: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) email address, if available, (*v*) number of shares of Latch Securities held as of opening of trading on June 7, 2021, and purchased or otherwise acquired and/or sold during the Class Period, (*vi*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*vii*) the date of each such transaction involving each such security, and (*viii*) account statements verifying all such transactions. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

68.    You may file a written objection without having to speak at the Settlement Hearing. You may not, however, speak at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and expenses, and if you have timely filed and served a written objection as described above, you must also file a **notice of appearance** with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶66 above so that it is *received* **on or before April 23, 2025**. Persons who intend to object and present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they might call to testify and any exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

70.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, you may do so at your own expense, and that attorney must file a **notice of appearance** with the Court and serve it on Lead

Counsel and Defendants' Counsel at the addresses set forth in ¶66 above so that the notice is *received* **on or before April 23, 2025**.

71.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from objecting to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and Lead Plaintiff's motion for expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the proposed Settlement.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

72.    If you purchased or otherwise acquired Latch common stock during the period from June 7, 2021, through August 1, 2023, inclusive, for the beneficial interest of persons or entities other than yourself, you must, within seven (7) calendar days after receipt of notice, either (i) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and then, within seven (7) calendar days after receipt of those Postcard Notices, forward them to all such beneficial owners (ii) request from the Claims Administrator the electronic Postcard Notice and, within seven (7) calendar days of receipt, email the electronic Postcard Notice to all such beneficial owners with valid email addresses; or (iii) provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to *Latch Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 North Jackson Street, Suite 205, Media, PA 19063, or info@strategicclaims.net. If you choose the first or second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners you have identified. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of either (a) $0.02 per Postcard Notice actually mailed or emailed, plus postage for mailings at the rate used by the Claims Administrator; or (b) $0.02 per name, address, and email address provided to the Claims Administrator. Copies of this Notice and the Proof of Claim may also be obtained from the Settlement website, www.strategicclaims.net/latch, by calling the Claims Administrator toll-free at 1-866-274-4004, or by emailing the Claims Administrator at info@strategicclaims.net.

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

73.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you should review the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007. The Court file also is available online if you have access to the Court's PACER system. Additionally, copies of the Complaint, the Stipulation, and any related orders entered by the Court will be posted on the Settlement website, www.strategicclaims.net/latch.

All inquiries concerning this Notice and the Proof of Claim should be directed to:

|  | and/or |  |
|---|---|---|
| *Latch Securities Litigation*<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 North Jackson Street, Suite 205<br>Media, PA  19063<br>(866) 274-4004<br>info@strategicclaims.net<br>www.strategicclaims.net/latch | | Jacob A Goldberg, Esq.<br>Leah Heifetz-Li, Esq.<br>The Rosen Law Firm, P.A.<br>101 Greenwood Avenue, Suite 440<br>Jenkintown, PA  19046<br>(215) 600-2817<br>jgoldberg@rosenlegal.com<br>lheifetz@rosenlegal.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL ABOUT THIS NOTICE.**

Dated: January 17, 2025

By Order of the Court
United States District Court
Southern District of New York

19

*Latch Securities Litigation*
**Toll-Free Number:  1-866-274-4004**
**Email:  info@strategicclaims.net**
**Website:  www.strategicclaims.net/latch**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Amount in connection with the Settlement of the action, captioned, *Brennan v. Latch Inc. f/k/a TS Innovation Acquisitions Corp.*, No. 1:22-cv-07473 (JGK) (the "Action"), you must complete and sign this Proof of Claim and Release Form ("Proof of Claim") and either (*i*) file it electronically at www.strategicclaims.net/latch so that it ***received* no later than April 28, 2025, at 11:59 p.m. ET**, or (*ii*) mail it by first-class mail to the address below, with supporting documentation, ***postmarked* no later than April 28, 2025**.

> **Mail to:**

*Latch Securities Litigation*
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 North Jackson Street**
**Suite 205**
**Media, PA  19063**

***You need to submit this Proof of Claim if you want to make a claim to share in the settlement payment in this lawsuit. If you fill out this Proof of Claim in accordance with the instructions below, you might be eligible to receive a cash payment if the Court approves the proposed Settlement.***

If you do not submit your Proof of Claim by the date specified, your claim might be rejected, and you might be precluded from being eligible to receive a payment from the Settlement.

Do not mail or deliver your Proof of Claim to the Court, Lead Counsel, Defendants' counsel, or any of the Parties to the Action. Submit your Proof of Claim only to the Claims Administrator at the address set forth above.

## TABLE OF CONTENTS                                                        PAGE #

**PART I – CLAIMANT INFORMATION**                                          **21**

**PART II – GENERAL INSTRUCTIONS**                                         **22**

**PART III – SCHEDULE OF TRANSACTIONS IN LATCH COMMON STOCK**
**(NASDAQ TICKER: LTCH; CUSIP: 51818V106)**                                **25**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**                              **26**

20

LATCH

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications about this Proof of Claim. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Joint Beneficial Owner's Name (*if applicable*)

If this claim is submitted for an IRA, and if you would like any check that you might be eligible to receive to be made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

| City | | State/Province | Zip Code |
|---|---|---|---|
| | | | |

Foreign Postal Code (if applicable)                Foreign Country (if applicable)

Telephone Number (Day)                Telephone Number (Evening)

Email Address (email address is not required, but, if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership        ☐ Estate        ☐ Trust        ☐ Other (describe: _____ )

21

LATCH

## PART II – GENERAL INSTRUCTIONS

1.  You should completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Long Notice") that accompanies this Proof of Claim, including the Plan of Allocation of the Net Settlement Amount set forth in the Long Notice. That Long Notice describes the proposed Settlement, how Settlement Class Members are affected by it, and how the Net Settlement Amount will be distributed if the Court approves the Settlement and Plan of Allocation. The Long Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim. By signing and submitting this Proof of Claim, you will be certifying that you have read and understand the Long Notice, including the terms of the releases provided for in this Proof of Claim.

2.  By submitting this Proof of Claim, you will be asking to receive a payment from the Settlement described in the Long Notice. **If you are not a Settlement Class Member** (*see* the definition of the Settlement Class on page 6 of the Long Notice, which sets forth who is included in and who is excluded from the Settlement Class), **or if you or someone acting on your behalf submitted a request for exclusion from the Settlement Class, do not submit a Proof of Claim**. You cannot directly or indirectly participate in the Settlement if you are not a Settlement Class Member. If you are excluded from the Settlement Class, any Claim Form that you submit, or that might be submitted on your behalf, will be rejected.

3.  **Submission of this Proof of Claim does not guarantee that you will receive a payment from the Settlement. The distribution of the Net Settlement Amount will be governed by the Plan of Allocation in the Long Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.  Use the Schedule of Transactions in Part III of this Proof of Claim to supply all required details about your transaction(s) in and holdings of common stock of Latch, Inc. ("Latch"). On this schedule, please provide all the requested information about your holdings, purchases, acquisitions, and sales of Latch common stock ("Latch Securities") (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period could result in the rejection of your claim.**

5.  **Please note**:  Only Latch Securities (meaning common stock) purchased during the Class Period (*i.e.*, from June 7, 2021, through August 1, 2023, inclusive) are eligible under the Settlement. However, sales of Latch Securities during the period from August 2, 2023 through October 30, 2023, inclusive will be used to calculate your claim under the Plan of Allocation. Although purchases and acquisitions during the period from August 2, 2023, through October 30, 2023, inclusive, are not eligible for payment, you must provide information about them so that the Claims Administrator can balance your claim – *i.e.*, confirm that all transactions have been included by checking whether (a) the number of shares you held at the opening of trading on June 7, 2021, *plus* the number of shares you purchased/acquired from June 7, 2021, through October 30, 2023, inclusive, *is equal to* (b) the number of shares you sold from June 7, 2021, through October 30, 2023, *plus* the number of shares you held at the close of trading on October 30, 2023.

6.  You must submit genuine and sufficient documentation for all your transactions in and holdings of Latch Securities as set forth in the Schedule of Transactions in Part III of this Proof of Claim. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Latch Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MIGHT RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims**

**Administrator. Also, do not mark or highlight any portion of the Proof of Claim or any supporting documents.**

7.   Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Latch Securities. The complete name(s) of the beneficial owner(s) must be entered. If you held the Latch Securities in your own name, you were the beneficial owner as well as the record owner. If, however, your Latch Securities were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Proof of Claim to be eligible to participate in the Settlement. If there were joint beneficial owners, each must sign this Proof of Claim, and their names must appear as "Claimants" in Part I of this Proof of Claim.

8.   **One Claim should be submitted for each separate legal entity.** Separate Proof of Claimss should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a person or corporation with multiple brokerage accounts should include on one Proof of Claim all transactions made in all accounts).

9.   Agents, executors, administrators, guardians, and trustees must complete and sign the Proof of Claim on behalf of persons represented by them, and they must:

(a)   expressly state the capacity in which they are acting;

(b)   identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting as to) the Latch Securities; and

(c)   furnish evidence of their authority to bind to the Proof of Claim the person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers' demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.  By submitting a signed Proof of Claim, you will be swearing that you:

(a)   own(ed) the Latch Securities you listed in the Proof of Claim; or

(b)   are expressly authorized to act on behalf of the owner of that stock.

11.  By submitting a signed Proof of Claim, you will be swearing to the truth of the statements it contains and the genuineness of the documents attached to it, subject to penalties of perjury under the laws of the United States of America. Making false statements or submitting forged or fraudulent documentation will result in the rejection of your claim and could subject you to civil liability or criminal prosecution.

12.  If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.  **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Amount. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

14.  If you have questions about the Proof of Claim, or need additional copies of the Proof of Claim or the Long Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004, or you can visit

23

the Settlement website, www.strategicclaims.net/latch, where copies of the Proof of Claim and Long Notice are available for downloading.

15. NOTICE REGARDING INSTITUTIONAL FILERS:  Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. (This is different than the online claim portal on the Settlement website.) To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Claims Administrator's website at www.strategicclaims.net/institutional-filers, or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net. **Any file not in accordance with the required electronic filing format will be subject to rejection.** All Representative Filers MUST also submit a manually signed Proof of Claim for each Settlement Class Member, as well as proof of authority to file, along with the electronic spreadsheet format. Only one claim should be submitted for each separate legal entity (*see* ¶ 8 above), sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number, and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive that email. If you do not receive such an email within 10 days after your submission, you should contact the electronic filing department at** efile@strategicclaims.net **to inquire about your file and confirm it was received.**

16. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim hosted at www.strategicclaims.net/latch. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator before filing. You will receive an automated e-mail confirming receipt once your Proof of Claim has been submitted. If you are unsure whether you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim.

**IMPORTANT:  PLEASE NOTE**

**If you file your claim electronically, your claim will be deemed filed when you receive a confirmation notice from the Claims Administrator. If you file your claim by first-class mail, your claim will be deemed filed when it is postmarked, but the Proof of Claim must actually be received by the Claims Administrator before Lead Counsel moves for a court order allowing distribution of the Net Settlement Fund. If you submit your claim by first-class mail, you must send it Certified, Return Receipt Requested, if you want confirmation that it has been received, or you may contact the Claims Administrator by phone or email for confirmation.**

LATCH

## PART III – SCHEDULE OF TRANSACTIONS IN LATCH SECURITIES

Use this section to provide information on your holdings and trading of Latch Securities (OTCMKTS Ticker Symbol: LTCH; CUSIP: 51818V106/formerly NASDAQ Ticker Symbol: TSIA) during the requested time periods. Please include proper documentation with your Proof of Claim as described in detail in Part II – General Instructions, ¶6 above.

| 1. HOLDINGS AS OF JUNE 7, 2021 – State the total number of Latch Securities held as of the **opening** of trading on June 7, 2021. (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
|---|---|---|---|---|
| 2. PURCHASES/ACQUISITIONS FROM JUNE 7, 2021 THROUGH AUGUST 1, 2023 – Separately list each and every purchase or acquisition (including free receipts) of Latch Securities from after the opening of trading on June 7, 2021, through the close of trading on August 1, 2023. (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase Price Per Share | Total Purchase Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| 3. PURCHASES/ACQUISITIONS FROM AUGUST 2, 2023 THROUGH OCTOBER 30, 2023 – State the total number of Latch Securities purchased or acquired (including free receipts) from August 2, 2023, through the close of trading on October 30, 2023. If none, write "zero" or "0." _____ | | | | |
| 4. SALES FROM JUNE 7, 2021 THROUGH OCTOBER 30, 2023 – Separately list each and every sale or disposition (including free deliveries) of Latch Securities from after the opening of trading on June 7, 2021, through and including the close of trading on October 30, 2023. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| 4. HOLDINGS AS OF OCTOBER 30, 2023 – State the total number of Latch Securities held as of the close of trading on October 30, 2023. (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
| IF YOU NEED ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX. ☐ | | | | |

25

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW
AND SIGN ON PAGE 27 OF THIS CLAIM FORM.**

1.  I (we) hereby acknowledge that, pursuant to the terms of the Stipulation, without further action by anyone, upon the Final Settlement Date, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such ("Releasors"), or any person purporting to assert a Released Plaintiff's Claim on behalf of, for the benefit of, or derivatively for any such Releasors, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Approval Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

    a.  all Released Plaintiff's Claims (as defined in the Long Notice) against each and every one of the Defendants and their Related Parties (as defined in the Long Notice);

    b.  all Claims, damages, and liabilities as to each and every one of the Defendants or their Related Parties to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement, and/or (*v*) the resolution of any Proof of Claim submitted in connection with the Settlement; and

    c.  all Claims against any of the Defendants and their Related Parties for attorneys' fees, costs, or disbursements incurred by Lead Counsel or any other counsel representing Lead Plaintiff or any other Settlement Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Stipulation.

2.  In addition, the Judgment and Approval Order will provide that:

    a.  Lead Plaintiff and all Settlement Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Settlement Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefit or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating to the Released Plaintiff's Claims; and

    b.  all persons and entities are permanently barred and enjoined from asserting, filing, commencing, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any other lawsuit, including as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Settlement Class Members as to the Defendants or their Related Parties, if such other lawsuit is based on or related to the Released Plaintiff's Claims.

26

LATCH

## CERTIFICATION

By signing and submitting this Proof of Claim, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.  I (we) have read and understand the contents of the Long Notice and this Proof of Claim, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.  The claimant(s) is a (are) Settlement Class Member(s), as defined in the Long Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Long Notice;

3.  The claimant(s) did **not** submit a request for exclusion from the Settlement Class;

4.  I (we) own(ed) the Latch Securities identified in the Proof of Claim and have not assigned the claim against any of the Defendants or any of their Related Parties to another person or entity, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

5.  The claimant(s) has (have) not submitted any other claim covering the same purchases of Latch Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.  The claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.  I (we) agree to furnish such additional information with respect to this Proof of Claim as Lead Counsel, the Claims Administrator, or the Court might require;

8.  The claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this claim, and waives any right of appeal or review with respect to such determination;

9.  I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. The claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, it, or they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, it, or they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence stating that the claim is not subject to backup withholding in the certification above.**

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of claimant                                                                                                  Date

Print claimant name here

Signature of joint claimant, if any                                                                          Date

Print joint claimant name here

27

LATCH

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                                                           Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page 23 of this Claim Form.)

LATCH

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification. If this Proof of Claim is being made on behalf of joint claimants, **both** must sign.
2. Attach only *copies* of acceptable supporting documentation, as these documents will not be returned to you. Keep the original documents.
3. Do not mark or highlight any portion of the Proof of Claim or any supporting documents.
4. Keep copies of the completed Proof of Claim and documentation for your own records.
5. If you file your claim electronically, the Claims Administrator will send you a notice confirming receipt. If you file your claim by first-class mail, **you must send it Certified, Return Receipt Requested, for confirmation of delivery, or you may call or email the Claims Administrator at (866) 274-4004, info@strategicclaims.net for confirmation**.
6. If your address changes in the future, or if this Proof of Claim was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.
7. If you have any questions or concerns about your claim, contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004, or you may visit www.strategicclaims.net/latch. DO NOT call Latch or its counsel with questions regarding your claim.

THIS PROOF OF CLAIM MUST EITHER BE FILED ELECTRONICALLY AT WWW.STRATEGICCLAIMS.NET/LATCH NO LATER THAN **APRIL 28, 2025, AT 11:59 P.M. ET**, OR BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* **NO LATER THAN APRIL 28, 2025,** ADDRESSED AS FOLLOWS:

*Latch Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 North Jackson Street
Suite 205
Media, PA  19063

A Proof of Claim filed electronically will be deemed to have been submitted when you receive a confirmation notice from the Claims Administrator. A Proof of Claim sent by first-class mail will be deemed to have been submitted when postmarked.

The Claims Administrator will need a significant amount of time to fully process all Proof of Claims. Please be patient and notify the Claims Administrator of any change of address.

Latch Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street, Suite 205
Media, PA  19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

# EXHIBIT B

## REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net          FAX: (610) 565-7985

February 3, 2025

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF LATCH, INC. ("LATCH" OR "COMPANY") FROM JUNE 7, 2021 THROUGH AUGUST 1, 2023, INCLUSIVE.

Excluded from the Settlement Class are (i) Defendants; (ii) the officers and directors of Latch and its affiliates and subsidiaries; (iii) members of the officers' and directors' immediate families and their legal representative, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Latch Securities Litigation*<br>No. 1:22-cv-07473-JGK<br>Exclusion Deadline: April 23, 2025<br>Objection Deadline: April 23, 2025<br>Claim Filing Deadline: April 28, 2025<br>Settlement Hearing: May 28, 2025 | Cusip Number: 51818V106<br>ISIN: US51818V1061<br>SEDOL: BMZP9Z1<br>Ticker Symbol: LTCH |

### PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing of the electronic Postcard Notice or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notices, you have seven (7) calendar days to mail them; or
4. Request the electronic Postcard Notice and email the Postcard Notice to each of your beneficial purchasers/owners within seven (7) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:

- **$0.02 per Postcard Notice emailed,** OR
- **$0.02 per name, address and email address** if you are providing us the records, OR
- **$0.02 per name and address, including materials, plus postage at the rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses and Proof of Claim and Release Form and other important case-related documents are available on our website at www.strategicclaims.net/latch. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,


Claims Administrator
Latch Securities Litigation

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*Important Notice about a Securities*
*Class Action Settlement*

*You might be entitled to a payment.*
*This Notice might affect your legal*
*rights.*

*Please read it carefully.*

# EXHIBIT C

Latch Securities Litigation
c/o Strategic Claims Services
600 North Jackson St., Suite 205
Media, PA  19063

Case No. 1:22-cv-07473-JGK (S.D.N.Y.)

*Latch Securities Litigation.,* Case No. 1:22-cv-07473-JGK (S.D.N.Y.)
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*VISIT WWW.STRATEGICCLAIMS.NET/LATCH OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The U.S. District Court for the Southern District of New York (the "Court") has preliminarily approved a proposed Settlement of claims against Latch, Inc. ("Latch") and three of its former officers (collectively, "Defendants"). The proposed Settlement would resolve a securities class action alleging that Defendants made false and/or misleading misstatements and/or omissions concerning Latch's revenue and revenue recognition practices, and the effectiveness of its internal controls over financial reporting. Defendants have expressly denied and continue to deny the allegations.

You received this notice because you might have purchased or acquired Latch common stock between June 7, 2021, and August 1, 2023, inclusive, and you might be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $1,950,000, less attorneys' fees and expenses and other administrative costs, will be divided among Settlement Class Members who timely submit valid Claim Forms. The average recovery per share could be $0.03 before deduction of fees and expenses. The actual amount disbursed to Settlement Class Members who participate in the Settlement might be more or less than that amount. Plaintiff and Defendants disagree as to the amount per share that would be recoverable if Plaintiff prevailed on each claim at trial. Plaintiff believes that the proposed Settlement is fair, reasonable, and in the best interests of the Settlement Class considering the strengths and weaknesses of the claims, the uncertainties and delays of complex litigation, and the concrete benefits provided by the Settlement. Defendants have agreed to settle to eliminate the burden and expense of continued litigation. For a full description of the Settlement and your rights and to make a claim, please read the Stipulation of Settlement and obtain a copy of the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses ("Long Notice") and Proof of Claim and Release Form ("Proof of Claim") by visiting www.strategicclaims.net/latch (the "Website"). You may request copies of the Long Notice and Proof of Claim by: (1) mail to Latch Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 North Jackson Street, Suite 205, Media, PA 19063; (2) toll-free telephone call to (866) 274-4004; or (3) email to info@strategicclaims.net.

To qualify for payment, you must submit a Claim Form, which can be found on the Website. PROOF OF CLAIMS ARE DUE BY APRIL 28, 2025, and should be mailed to the Claims Administrator's address above or submitted electronically through the Website. If you do not want to be legally bound by the Settlement, you must exclude yourself by April 23, 2025. If you exclude yourself, you cannot get money from this Settlement or object to it. If you stay in the Settlement, you may object to it by April 23, 2025. The Long Notice explains how to exclude yourself or to object.

The Court will hold a hearing on May 28, 2025, at 4:30 p.m. ET, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 14A, to consider whether to approve the Settlement, the Plan of Allocation, a request by Lead Counsel for no more than $33^{1/3}$% (one-third) of the Settlement Fund for their attorneys' fees, plus up to $60,000 in expenses, and an award to Plaintiff of no more than $5,000 for litigating the case and negotiating the Settlement. The requests for awards of fees and expenses amount to approximately $0.01 per affected share. Lead Counsel for the Settlement Class are Jacob Goldberg and Leah Heifetz-Li, of The Rosen Law Firm, P.A., 101 Greenwood Avenue, Suite 440, Jenkintown, PA 19046, (215) 600-2817. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and to change the hearing date. Please check the Website for current information.

**EXHIBIT D**

 Outlook

---

## GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA

---

**From**  donotreply@globenewswire.com <donotreply@globenewswire.com>

**Date**  Mon 2/17/2025 9:01 AM

**To**    mcraig@strategicclaims.net <mcraig@strategicclaims.net>

**Cc**    mcraig@strategicclaims.net <mcraig@strategicclaims.net>; lrosen@rosenlegal.com <lrosen@rosenlegal.com>

notified

Boost the trust and credibility of your next press release. Get CLEAR Verified by GlobeNewswire

# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Class Action Settlement on Behalf of Purchasers of Common Stock of Latch, Inc. – LTCH**

*Cross time: **02/17/25 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

---

This message was distributed by GlobeNewswire.
2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us