**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SLATER BRENNAN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER,<br><br>    Defendants. | Case No. 1:22-cv-07473-JGK |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTIONS FOR: (1) FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF LITIGATION EXPENSES,**
**AND AWARD TO PLAINTIFF**

## TABLE OF CONTENTS

I.      Plaintiff and the Claims Administrator Executed the Notice Program
        as the Court Ordered ................................................................................................. 1

II.     The Lack of Objections Supports Final Approval ............................................................. 2

III.    The Lack of Valid Exclusion Requests Supports Final Approval ..................................... 3

IV.     Conclusion ...................................................................................................................... 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allred on Behalf of Aclaris Therapeutics, Inc. v. Walker*,
  2021 WL 5847405 (S.D.N.Y. Dec. 9, 2021 ................................................................................ 2

*In re FLAG Telecom Holdings, Ltd. Sec. Litig.*,
  2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ........................................................................... 2

*In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*,
  2007 WL 313474 (S.D.N.Y. Feb. 1, 2007) ............................................................................. 3

*In re Signet Jewelers Ltd. Sec. Litig.*,
  2020 WL 4196468 (S.D.N.Y. July 21, 2020) .......................................................................... 2

*In re Telik, Inc. Sec. Litig.*,
  576 F. Supp. 2d 570 (S.D.N.Y. 2008) ..................................................................................... 3

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ........................................................................... 2

*Morris v. Affinity Health Plan, Inc.*,
  859 F. Supp. 2d 611 (S.D.N.Y. 2012) ..................................................................................... 3

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005) ..................................................................................................... 2

Lead Plaintiff VP PTC Establishment as Trustee of Gersec Trust ("Lead Plaintiff" or "Plaintiff"), on behalf of itself and the Settlement Class, respectfully submits this reply memorandum of law in further support of her motions for: (1) final approval of the $1,950,000 class action Settlement; and (2) an award of attorneys' fees of one-third (33⅓%) of the Settlement Amount ($650,000), reimbursement of expenses of $44,058.99, and a compensatory award of $5,000 to Plaintiff ("Motions"). In further support of its motion for final approval, Plaintiff also submits the May 21, 2025, Supplemental Declaration of Margery Craig Concerning: (A) Mailing/Emailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date ("Supp. Craig Decl."), filed herewith as Exhibit 1. Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation of Settlement filed with the Court on November 12, 2024. (ECF No. 96-2).

The deadline for Settlement Class Members to opt out of the Settlement Class, or to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested awards to Plaintiff, was April 23, 2025. (Supp. Craig Decl. ¶¶7-8). Strategic Claims Services ("SCS"), the Claims Administrator, received no requests for exclusion (Supp. Craig Decl. ¶7). No member of the Settlement Class has objected to the Settlement or to the request for attorneys' fees, reimbursement of expenses, or award to Plaintiff. (Supp. Craig Decl. ¶8).

The reaction of the Settlement Class supports approval of the Settlement and the requested attorneys' fees, expenses, and awards to Plaintiff. The Court should, therefore, enter the [Proposed] Order and Final Judgment (ECF No. 96-6).

## I.    Plaintiff and the Claims Administrator Executed the Notice Program as the Court Ordered

Pursuant to the Preliminary Approval Order, SCS timely executed the Court-approved notice program. To date, SCS has notified 53,100 potential Settlement Class Members either by

mailed or emailed Postcard Notice. (Supp. Craig Decl. ¶3). The Claims Administrator continues to maintain a toll-free line and website dedicated to the Settlement, https://www.strategicclaims.net/latch/. *Id*. ¶¶5, 6.

As the Court ordered, the Postcard Notice, Long Notice, and Summary Notice all informed potential Settlement Class Members of (i) their rights to participate in the Settlement, (ii) the procedure to file a Proof of Claim, (iii) the procedure to submit an objection to any aspect of the Settlement or to the requested awards of attorneys' fees, expenses, or awards to Plaintiff, and (iv) the procedure to request exclusion from the Settlement Class. The Court should finally approve the notice program it ordered and Plaintiff, through the Claims Administrator, executed as the best practicable in these circumstances.

## II.    The Lack of Objections Supports Final Approval

The lack of a single objection to the Settlement "support[s] a finding that the Settlement is fair, reasonable, and adequate" since "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry into the fairness and adequacy of the Settlement." *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)); *see also Allred on Behalf of Aclaris Therapeutics, Inc. v. Walker*, 2021 WL 5847405, at *5 (S.D.N.Y. Dec. 9, 2021) (same); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate").

Further, the lack of any objection to the requested attorneys' fees and expenses, which were included in the Notice, supports awarding the amounts requested. *See In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (class members' reaction to a fee

2

and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable.").

The positive reaction of the Settlement Class, therefore, supports final approval of the Settlement, the Plan of Allocation, the award of attorneys' fees, the reimbursement of expenses, and award to Plaintiff.

### III.    The Lack of Valid Exclusion Requests Supports Final Approval

The deadline to opt out of the Settlement Class was April 23, 2025. SCS has not received any requests for exclusion. (Supp. Craig Decl. ¶7).

That no Settlement Class Member submitted an exclusion request supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where 16 of approximately 1,500 class members requested exclusion, the "response demonstrate[d] strong support for the settlement."); *see also*, *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (34 requests for exclusion from nearly 400,000 mailed notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

### IV.    Conclusion

For the above reasons, and those set out in Plaintiff's Motions, Plaintiff respectfully requests that the Court approve the Settlement and the Plan of Allocation, award the requested attorneys' fees, reimburse Lead Counsel's out-of-pocket expenses, approve the award to Plaintiff, and enter the [Proposed] Order and Final Judgment (ECF No. 96-6).

Dated: May 21, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ *Jacob A. Goldberg*
Jacob A. Goldberg
Leah Heifetz-Li
101 Greenwood Avenue
Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
      lheifetz@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

**SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park E #2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel*