P5S3GERC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

VB PTC ESTABLISHMENT AS
TRUSTEE OF GERSEC TRUST, et
al.,

                    Plaintiffs,                New York, N.Y.

               v.                              22 CV 7473 (JGK)

LATCH, INC., et al,

                    Defendants.

------------------------------x        Settlement

                                       May 28, 2025
                                       4:30 p.m.

Before:

                    HON. JOHN G. KOELTL,

                                       District Judge


                         APPEARANCES


THE ROSEN LAW FIRM, P.A.
     Attorneys for Plaintiffs
BY:  JACOB A. GOLDBERG


LATHAM & WATKINS, LLP
     Attorneys for Defendant Latch, Inc.
BY:  JORDAN MUNDELL

P5S3GERC

THE DEPUTY CLERK:  VB PTC Establishment as Trustee of Gersec Trust v. Latch, Incorporated.

All parties please state who they are for the record.

MR. GOLDBERG:  Good afternoon, your Honor.  On behalf of lead plaintiff the Gersec Trust through its Trustee, Jacob Goldberg of the Rosen Law Firm.

MR. MUNDELL:  Good afternoon, your Honor.  On behalf of defendant, Jordan Mundell of Latham & Watkins.

THE COURT:  All right.  So, before the Court is the final hearing on approval of the settlement and the request for attorneys' fees.

I've read the papers.  I appreciate that there are no objections, either to the settlement or to the request for attorneys' fees, and there are no requests for exclusion from the class.  The papers also indicate that the notice program that I authorized was accomplished.

So I'm perfectly prepared to listen to the parties.  I note that only the two lawyers are present in court.  So, there was no notice that anyone wanted to be present to object, but in any event, no one has shown up, even without requesting the opportunity to speak in opposition.

So I'll listen to the parties.  Mr. Goldberg.

MR. GOLDBERG:  Thank you, your Honor.  I was going to put on the record that there is no one here to object, and we are now 35 days beyond the objection deadline, and we've

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

P5S3GERC

received none, indicating that the class does not disapprove of the class, the notice program, the settlement, the fees or the compensatory award to the lead plaintiff, and we are pleased about that, your Honor.

I'll be brief, unless the Court has any questions, which I'm happy to answer.

First, your Honor, the Court has certified preliminarily the settlement class. And pursuant to Rules 23(a) and 23(b)(3), we ask that the Court finally certify the settlement class for purposes of this settlement. It meets the requirements of 23(a) and of 23(b)(3), and therefore we ask the Court to order the class settlement class certified.

As your Honor noted, the settlement administrator, Strategic Claims Services, was diligent and precise in following the notice program as the Court ordered it. They sent out over 53,000 postcard notices, 11,000 and change by mail, and the rest by e-mail. They notified over 2200 nominees, and received from those nominees the names of persons who are potential settlement class members.

The deadline for filing proofs of claim, your Honor, even as, when we come back to the Court, there may be some stragglers whom we ask the Court to accept. That deadline was April 28. There were over 17,000 claims filed. And taking together the program, and the number of claims filed timely, we ask the Court to approve the notice program that the Court set

P5S3GERC

us to following in the preliminary approval order.

THE COURT:  And the administrator followed up when addresses came back indicating that initial service couldn't have been made.  So that was impressive.

MR. GOLDBERG:  Yes.

So, next, your Honor, is the final approval of the settlement.  And taking the circumstances as a whole here, the maximum potential damages were approximately 27 million, and this $1.95 million cash settlement represents 7 percent. Rule 23(e) and the *Grinnell* factors, your Honor, suggest, because of the complexity and the risks, in particular the risk of achieving a less robust result or no compensation for class members at all, suggests that this is a fair, adequate, and reasonable settlement.  And we ask, therefore, that the Court approve the settlement as fair, adequate, and reasonable.

Rule 23(e), your Honor, provides a bridge between the final approval of the settlement and the Court's consideration of the attorneys' fees and expenses.  As you know, the notice detailed the fee that we would request and the expenses up to a certain limit that we would seek for which we would seek reimbursement.  So we seek those fees today, which fees, expenses, and the $5,000 award to the lead plaintiff, your Honor, represents about 35.5 percent of the $1.95 million cash settlement, and that is well within reason.  We have litigated this case with zeal, and we believe that we have come up with

P5S3GERC

an adequate result.

Among the risks that we faced, and that the case faced, your Honor, was a loss causation problem for several of the later disclosures, later partial disclosures, including the last one in July of -- or August of 2023, your Honor, where a robust portion of the damages come from.  There was 77-cent decline on that day, of which 74 percent was residual return or statistically significantly related to the disclosure.  But the disclosure was a delisting disclosure, and therefore there was great risk, both at the motion to dismiss, and ultimately at summary judgment or trial, that we lost a substantial portion of the total damages, which, as I say, just over 27 million.  So those risks existed, and therefore, the fees and expenses that we seek are well related and fair relative to the settlement as a whole.

The Gersec Trust through its Trustee, your Honor, was integral to our prosecution.  As Mr. Higgins noted in his declaration, he was involved both in understanding and reading initial and amended complaints and oppositions to motions to dismiss, and he was well involved in the settlement, ultimately approving the $1.95 million cash settlement.

THE COURT:  You took a substantial haircut on the attorneys' fees.

MR. GOLDBERG:  We did, your Honor.  That's the risk we take.  It is something that we don't enjoy doing, but I've

P5S3GERC

always found, your Honor, that litigating a small case -- and this is a smaller case -- takes as much energy and effort and dedication as litigating a larger one, even as it may not be as lucrative.  So this is the risk we take.

THE COURT:  I mean, there were substantial costs involved in attorneys' fees in drafting the amended complaints and resisting the motion to dismiss, among other things.

MR. GOLDBERG:  Yes.

So with that, your Honor, unless the Court has any questions, I'm happy to go in further detail, but we request, again, that you finally certify the class, that you approve the notice program as it was, that you approve the settlement, approve the attorneys' fees and reimbursement of expenses, and approve the $5,000 compensatory award to the lead plaintiff.

THE COURT:  Thank you.

Mr. Mundell?

MR. MUNDELL:  Thank you, your Honor.  Nothing further from the defendants.  We take no position on the motions for the attorneys' fees or the expenses, but we do agree with Mr. Goldberg's summation of the reasons why this settlement should be finally approved today.

THE COURT:  Okay.

MR. GOLDBERG:  Forgive me, your Honor, may I put one thing on the record?

THE COURT:  Sure.

P5S3GERC

MR. GOLDBERG:  You have a declaration from Mr. Mundell's colleague Ms. Murphy that the defendants have satisfied and adhered to their obligation to alert, pursuant to the Class Action Fairness Act, states attorneys general, so that has been done as well.

THE COURT:  Okay.  Well, I've reviewed the papers with care, and it's plain that the proposed order and final judgment that's been submitted should be approved.  The class is an appropriate class for purposes of settlement.  The notice meets all of the requirements of Rule 23 and due process.  The settlement itself is fair, reasonable, and adequate.  It provides a cash settlement of $1,950,000, which is about 7 percent of the plaintiffs' maximum recovery, according to the plaintiffs.  The defendants would say the plaintiffs are entitled to zero recovery.

And it's plain that the action is actually only at the early stages of the litigation.  There was a motion to dismiss, the case was settled before the motion to dismiss was ever decided.  If the case had proceeded beyond the motion to dismiss, even if the motion to dismiss were granted, and then it would be without prejudice and a new complaint would be filed, and the case would then proceed, the case was a long way away from ever reaching a state where the plaintiffs could obtain any recovery.

So, the settlement is plainly fair, reasonable and

P5S3GERC

adequate, and is in excess, in terms of percentage recovery, than many, many other settlements that have been approved.

The class is appropriate for purposes of settlement, the settlement is fair, reasonable and adequate.  The notice program, as I've said, was perfectly sufficient for purposes of Rule 23 and due process.

That takes us to the issue of attorneys' fees.  The plaintiffs seek one-third of the settlement or $650,000.  That is a fair, reasonable attorneys' fee in this particular case. Significantly, the actual attorneys' fees expended were in excess of a million dollars.  So the plaintiffs have a substantial reduction in their attorneys' fees off the lodestar amount.  The case was effectively litigated, and the amount of attorneys' fees is reasonable.  The incentive fee for the plaintiff of $5,000 is also reasonable.

So, I'll sign the proposed order and final judgment. I've crossed out "proposed."  I've added today's date on page 1.  I've added the date of the preliminary approval order January 17, 2025.  On page 6 of paragraph 19, class counsel are hereby awarded 33 and one-third percent of the settlement amount in fees, which the Court finds to be fair and reasonable, and $43,558.99 in reimbursement of expenses.  Lead plaintiff is hereby awarded $5,000, which the Court finds is fair and reasonable.

And I've signed the order and final judgment and I'll

P5S3GERC

see that it's filed.  Okay.  Anything else?

          MR. GOLDBERG:  No, your Honor.  Thank you.

          MR. MUNDELL:  Nothing further from me.  Thank you.

          THE COURT:  See you all on the next case.

          MR. GOLDBERG:  Thank you.

          MR. MUNDELL:  Thank you, your Honor.

          (Adjourned)