**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SLATER BRENNAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER, <br><br> Defendants. | Case No. 1:22-cv-07473-JGK |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................... 1

II.    DETERMINATION OF AUTHORIZED CLAIMS ............................................. 1

    A.    Properly Documented Claims .................................................................... 2

    B.    Deficient and Ineligible Claims ................................................................ 3

        1.    Inadequately Documented Claims ............................................... 3

        2.    Claims Rejected for Reasons Other than Inadequate Documentation .................................................................................. 3

III.    DISTRIBUTION OF THE NET SETTLEMENT AMOUNT ............................. 4

IV.    RELEASE OF CLAIMS ......................................................................................... 6

V.    RECORDS RETENTION AND DESTRUCTION ............................................... 7

VI.    CONCLUSION ........................................................................................................ 7

**TABLE OF AUTHORITIES**

**Cases**

*Grottano v. City of New York*,
  2021 WL 6427554 (S.D.N.Y. Dec. 17, 2021) ................................................................. 2

*Hartman v. Powell*,
  2001 WL 410461 (D.C. Cir. Mar. 15, 2001) ................................................................. 3

*In re Agent Orange Prod. Liab. Litig.*,
  689 F. Supp. 1250 (E.D.N.Y. 1988) ............................................................................. 2

*In re Authentidate Holding Corp. Sec. Litig.*,
  2013 WL 324153 (S.D.N.Y. Jan. 25, 2013) ................................................................. 2

*In re Citigroup Sec. Litig.*,
  2014 WL 7399039 (S.D.N.Y. Dec. 29, 2014) ............................................................. 2

*In re Forterra Inc. Sec. Litig.*,
  2021 WL 3464255 (N.D. Tex. Aug. 4, 2021) ............................................................. 5

*In re Loop Indus., Inc. Sec. Litig.*,
  2023 WL 6458976 (S.D.N.Y. Oct. 4, 2023) ............................................................... 5

*In re Medicis Pharm. Corp. Sec. Litig.*,
  2013 WL 12149720 (D. Ariz. Mar. 8, 2013) ............................................................. 6

*In re Patriot National, Inc. Sec. Litig,*
  2021 WL 1040462 (S.D.N.Y. Mar. 18, 2021) ..................................................... 5, 6, 7

*In re Qudian Inc. Sec. Litig.*,
  2022 WL 633863 (S.D.N.Y. Mar. 4, 2022) ............................................................... 5

*In re Sunedison, Inc. Sec. Litig.*,
  2020 WL 5038001 (S.D.N.Y. Aug. 26, 2020) ........................................................... 5

*In re Toyota Motor Corp. Sec. Litig.*,
  2014 WL 12586787 (C.D. Cal. Aug. 4, 2014) ........................................................... 6

*In re XL Fleet Corp. Sec. Litig.*,
  2025 WL 2602616 (S.D.N.Y. Sept. 4, 2025) ............................................................. 5

*Jones v. City of New York,*
  2024 WL 4307774 (S.D.N.Y. Sept. 26, 2024) ........................................................... 2

*Wilson v. LSB Indus., Inc.*,
  2020 WL 5628039 (S.D.N.Y. Sept. 21, 2020) ........................................................... 6

ii

Lead Plaintiff VP PTC Establishment as Trustee of Gersec Trust ("Plaintiff"), through Lead Counsel, respectfully seeks distribution of the Net Settlement Fund to the Authorized Claimants of the settlement with Defendants, entering the accompanying [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds ("Class Distribution Order"). The accompanying Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Declaration" or "Craig Decl."), attached hereto and incorporated herein by reference, describes the specifics of the proposed plan for distribution of the Net Settlement Fund.

## I.    INTRODUCTION

On January 17, 2025, the Court entered the Order Preliminarily Approving Proposed Settlement ("Preliminary Approval Order") (ECF No. 100). On October 6, 2022, the Court signed the Order and Final Judgment ("Judgment"; ECF No. 116), approving, among other things, the Plan of Allocation of Net Settlement Fund and Attorneys' Fees and Expenses (*Id.* at ¶¶11, 19).

The Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), has completed all analyses and accounting procedures in connection with the submitted Proof of Claim Forms (hereafter referred to as "claims") for this Settlement and finalized its determination of authorized and ineligible claims. Craig Decl. ¶¶6-7. Plaintiff respectfully request that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the Craig Declaration.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, all claims were to be submitted to the Claims Administrator, online or postmarked no later than April 28, 2025. Preliminary Approval Order ¶22. The Claims Administrator has now finalized its determination of which claims are authorized and which are ineligible. Craig Decl. ¶¶6-7.

1

### A.    Properly Documented Claims

SCS identified 8,014 properly documented valid claims. Craig Decl. ¶7(a). Of these, 7,999 claims were timely (*i.e.*, received on or before April 28, 2025), and 15 claims were untimely, but otherwise valid and received before July 1, 2025 ("Late But Otherwise Valid Claim"). *Id*. These valid claims represent total Recognized Losses of $20,451,507.50. *Id.* Plaintiff respectfully requests that this Court permit SCS to include in the distribution Late But Otherwise Valid Claim, because these claims have not delayed the distribution of the Net Settlement Fund to the Settlement Class or otherwise prejudiced any Authorized Claimant as SCS received them during its processing of all claims. *Id*.; *see also In re Authentidate Holding Corp. Sec. Litig*., 2013 WL 324153, at *1 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims"); *Grottano v. City of New York*, 2021 WL 6427554, at *1 (S.D.N.Y. Dec. 17, 2021) ("[A] district court overseeing settlement distribution has inherent power to accept late claims.") *citing In re Agent Orange Prod. Liab. Litig.*, 689 F. Supp. 1250, 1261–63 (E.D.N.Y. 1988) (court permitted the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *Jones v. City of New York,* 2024 WL 4307774, at *5 (S.D.N.Y. Sept. 26, 2024) (allowing late but otherwise valid claims when there is showing that the administrative costs would be prejudicial). Accordingly, Plaintiff respectfully requests that the Court approve the 8,014 properly documented valid claims as listed in Exhibits B-1 and B-2 of the Craig Declaration.

To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *See In re Citigroup Sec. Litig*., 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be

terminated.'"); *Hartman v. Powell*, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action"). SCS has not processed any claims or responses to rejections received after these dates due to extreme lateness and because their inclusion would have delayed the finalization of the administration. Craig Decl. ¶6 n.2. Accordingly, Plaintiff respectfully requests that the Court order that no claims received after July 1, 2025, or any responses to deficiency and/or rejection notices received after November 21, 2025, be included in the distribution.

### B.    Deficient and Ineligible Claims

#### 1.    Inadequately Documented Claims

SCS initially identified that 21 potential Claimants inadequately documented their claims. Craig Decl. ¶7(b). For each such inadequately documented claim it received, SCS sent the potential Claimants inadequacy notices, advising them of the deficiency and affording them the opportunity to cure the deficiency. *Id.*; *see also* Ex. C to Craig Decl. (sample inadequacy notice). Of the 21 potential claims SCS originally identified as deficient, 5 of the remaining 21 Claimants have successfully cured the deficiencies. *Id.* SCS now includes those Settlement Class Members as Authorized Claimants. *Id.* Each of the remaining 16 deficient claimants either failed to respond to the deficiency notice SCS sent or responded with inadequate documentation. *Id.* SCS sent a rejection notice to these inadequate claimants, explaining the reason(s) for their rejection. *Id.* To date, none of these 16 inadequate claimants has objected to or contested SCS's determination. *Id.* Accordingly, Plaintiff respectfully requests that the Court reject the 16 inadequately documented claimants listed on Exhibit D of the Craig Declaration.

#### 2.    Claims Rejected for Reasons Other than Inadequate Documentation

SCS identified 9,612 claims that it recommends for rejection for reasons other than inadequate documentation. Craig Decl. ¶7(c). Included in this category are: (i) claims with no

Recognized Losses; (ii) claims with common stock of Latch that were not purchased, but were received, granted by gift, inheritance, or operation of law; (iii) claims with shares sold short; (iv) claims with common stock of Latch that were purchased outside of the Class Period; (v) claims withdrawn by the filing entity; (vi) duplicate claims filed; and (vii) a fraudulent claim filed. *Id.*, and Exhibit F. SCS sent these claimants rejection notices advising them of SCS's determination. *Id.*, Exhibit G (sample ineligibility notice). To date, none of these ineligible claimants has objected to or contested SCS's determination. *Id.* Accordingly, Plaintiff respectfully requests that the Court reject the 9,612 ineligible claimants listed on Exhibit F of the Craig Declaration.

## III.   DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more (the "Initial Distribution"). Craig Decl. ¶9(a). Based on the substantial experience of Class Counsel and SCS in similar distributions, it can be expected that a certain number of the payments to be distributed to Settlement Class Members who filed valid claims will not be cashed promptly. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Class Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* ¶9(b).

After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund six (6) months after the initial distribution of such funds shall be used; (i) first, to pay any amounts mistakenly omitted from the initial distribution to

Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement. *Id.* ¶9(d).

If, after this payment any balance remains in the Settlement Fund courts often have authorized additional re-distributions to claimants from those remaining funds, when economically feasible. *See e.g.*, *In re Loop Indus., Inc. Sec. Litig.*, 2023 WL 6458976, at *1 (S.D.N.Y. Oct. 4, 2023); *In re Patriot National, Inc. Sec. Litig,*, 2021 WL 1040462, at *1-2 (S.D.N.Y. Mar. 18, 2021); *In re Forterra Inc. Sec. Litig.*, 2021 WL 3464255, at *1-2 (N.D. Tex. Aug. 4, 2021). In circumstances where a second distribution is economically unfeasible, however, courts allow for the remaining settlement funds to be donated to a non-sectarian, non-profit charitable organization selected by Lead Counsel. *See In re XL Fleet Corp. Sec. Litig.*, 2025 WL 2602616, at *2 (S.D.N.Y. Sept. 4, 2025); *In re Sunedison, Inc. Sec. Litig.*, 2020 WL 5038001, at *2 (S.D.N.Y. Aug. 26, 2020); *In re Qudian Inc. Sec. Litig.*, 2022 WL 633863, at *2 (S.D.N.Y. Mar. 4, 2022).

Accordingly, should any balance remain in the Net Settlement Fund after the initial distribution and payments, Plaintiff requests this Court authorize the Claims Administrator to make an additional re-distribution, if economically feasible, to Authorized Claimants. These distributions will be made to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs of fees to be incurred in administering the Net Settlement Fund and in making this second distribution if economically feasible. Craig Decl. ¶9(d). Furthermore, Plaintiff requests the Court Order that six (6) months after a second distribution, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claim Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net

5

Settlement Fund be donated to the *cy pres* recipient selected by Lead Counsel, the Howard University Law School Investor Justice and Education Clinic.

## IV.    RELEASE OF CLAIMS

To allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement.

Courts have repeatedly approved similar provisions in connection with the distribution of settlement proceeds. In *Wilson v. LSB Indus., Inc.*, 2020 WL 5628039, at *2 (S.D.N.Y. Sept. 21, 2020), for example, the court found that

> [a]ll persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order."

*see also Patriot National*, 2021 WL 1040462, at *2; *In re Toyota Motor Corp. Sec. Litig.*, 2014 WL 12586787, at *3 (C.D. Cal. Aug. 4, 2014); *In re Medicis Pharm. Corp. Sec. Litig.*, 2013 WL 12149720, at *2 (D. Ariz. Mar. 8, 2013).

Accordingly, Plaintiff respectfully requests the Court: (a) release and discharge all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or who are otherwise

6

involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, from any and all claims arising out of that involvement; and (b) bar all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to them pursuant to the terms of the Class Distribution Order, *provided that* such released persons acted in accordance with the Stipulation, the Judgment, and the Class Distribution Order. *Patriot National*, 2021 WL 1040462.

## V.      RECORDS RETENTION AND DESTRUCTION

Plaintiff respectfully requests the Court order to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants.

## VI.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter the Class Distribution Order submitted herewith, so that Settlement Class Members who submitted valid claims may receive their *pro rata* share of the Net Settlement Fund.

7

Dated: December 11, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ *Jacob A. Goldberg*
Jacob A. Goldberg
Leah Heifetz-Li
101 Greenwood Avenue
Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
          lheifetz@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

**SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park E #2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel*

8

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(c), that the PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS contains _____ words, as counted by Microsoft Word, excluding the cover page, this certification of compliance, the table of contents, the table of authorities, and the signature block; and that each complies with the formatting rules set forth in Section III.D of the Individual Practices of Judge John G. Koeltl.

/s/ *Jacob A. Goldberg*
Jacob A. Goldberg

9