Case 1:22-cv-07473-JGK   Document 119-1   Filed 12/11/25   Page 1 of 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SLATER BRENNAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LATCH, INC. f/k/a TS INNOVATION ACQUISITIONS CORP., LUKE SCHOENFELDER, GARTH MITCHELL, and BARRY SCHAEFFER,<br><br>Defendants. | Case No. 1:22-cv-07473-JGK |

## [PROPOSED] ORDER GRANTING MOTION
## FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Lead Plaintiff VP PTC Establishment as Trustee of Gersec Trust ("Plaintiff") moved this Court for an order approving distribution of the Net Settlement Fund ("Motion"). Having reviewed and considered the materials and arguments submitted in support of the Motion, IT IS HEREBY ORDERED that:

1.      The Court approves the administrative determinations of Strategic Claims Services ("SCS"), the Court-appointed Claims Administrator, in accepting and rejecting Proof of Claim and Release forms ("Claims").[1]

2.      The Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed to Authorized

---

[1] This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement filed with the Court on November 12, 2024 (ECF. No. 94-1), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

Case 1:22-cv-07473-JGK   Document 119-1   Filed 12/11/25   Page 2 of 3

Claimants identified in Exhibits B-1 and B-2 to the Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Declaration" or "Craig Decl."), at the direction of Lead Counsel, The Rosen Law Firm, P.A. The Net Settlement Fund shall be distributed pursuant to the Stipulation and the Plan of Allocation set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses (ECF No. 94-2 at 13-18), pursuant to this Court's Order Preliminarily Approving Proposed Settlement (ECF No. 100).

3.      SCS's administrative determinations rejecting the ineligible or otherwise deficient Claims, set forth in Exhibits D and F to the Craig Declaration, are approved. Such Claims may not receive distributions from the Settlement Fund.

4.      Any Claims received after received after July 1, 2025 and any responses to deficiency and/or rejection notices received after November 21, 2025, are hereby rejected as untimely.

5.      All distribution checks shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

6.      If any balance remains in the Net Settlement Fund after at least six (6) months from the date of initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any

1

amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

7.      If any funds shall remain in the Net Settlement Fund six months after such second distribution, if undertaken, or if such second distribution is not undertaken, then such balance shall be contributed to the Howard University Law School Investor Justice and Education Clinic or any of its not-for-profit successors, *after an application to the Court and the Court's grant of that application*

8.      SCS is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants.

9.      The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

**IT IS SO ORDERED.**

Dated: 4/8/26

HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

2